## Commonwealth of Pennsylvania, By J. Shane Creamer, Attorney General, Plaintiff v. Monumental Properties, Inc., et al., Defendants.

Argued March 1, 1976, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., and Blatt. Judges Mencer and Rogers did
not participate.

*Allen C. Warshaw,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Lee C. Swartz, Milton S. Lazaroff, Sigmund H. Steinberg,* with them *Rod J. Pera; Hepford, Zimmerman & Swartz; Walter H. Compton; Samuel Lander; Joseph A. Klein; John P. Klee; Baskin, Boreman, Wilner, Sachs, Gondelman & Craig; Steven M. Dranoff; Irving L. Mazer; and Spivack & Dranoff,* for defendants.

OPINION BY JUDGE KRAMER, September 20, 1976:

This matter is before us yet another time and still on preliminary objections arising out of a complaint in equity filed by the Commonwealth against twenty-five landlords and four printers of form leases seeking injunctive relief from the use of form leases as more specifically alleged in the complaint to be violations of the Unfair Trade Practices and Consumer Protection Law (hereinafter Act), Act of December

402

17, 1968, P.L. 1224, *as amended*, 73 P.S. §201-1 et seq. There is no need to set forth once again the basic history of this case inasmuch as it is adequately described in prior opinions. *See Commonwealth v. Monumental Properties, Inc.* (hereinafter Monumental I), 10 Pa. Commonwealth Ct. 596, 314 A.2d 333 (1973), affirmed in part and reversed in part in *Commonwealth v. Monumental Properties, Inc.* (hereinafter Monumental II), 459 Pa. 450, 329 A.2d 812 (1974).

To provide some understanding for the present posture of this case and for this opinion, it is necessary to add that in *Monumental I, supra,* this Court dismissed the complaint against all defendants under our holding that leasing agreements do not come within the purview of the Act and, further, that the Commonwealth's complaint had failed to set forth a cause of action. In *Monumental II* our Supreme Court reversed us in part and we deem it necessary to review that opinion which provides some guidelines for the disposition of the issues presently before us. The prime holding of *Monumental II* reads as follows: "We hold that the leasing of residences falls within the ambit of the Consumer Protection Law." 459 Pa. at 467, 329 A.2d at 820. The Court stated that the Act is "to be liberally construed," 459 Pa. at 466, 329 A.2d at 820; that the "underlying foundation [of the Act] is fraud prevention," 459 Pa. at 459, 329 A.2d at 816; that the legislative mandate was to be broadly applied and that "[a]s part of the Law's object, fraudulent conduct that would mislead or confuse a consumer was banned," 459 Pa. at 467, 329 A.2d at 820. Additionally, the Court indicated: "Rather the more natural inference is that the Legislature intended the Consumer Protection Law to be given a pragmatic reading—a reading consistent with modern day economic reality." 459 Pa. at 470, 329 A.2d at 822; "[h]inging the remedies of the Consumer Protection

Law on the passing of title simply fails to reflect fairly both modern economic conditions and, more importantly, the Legislature's intent." 459 Pa. at 473, 329 A.2d at 823. The Court continued: "we must realize further that most frequently today the average prospective tenant vis-a-vis the prospective landlord occupies a disadvantageous position," 459 Pa. at 475, 329 A.2d at 825, and quoted from *Reitmeyer v. Sprecher,* 431 Pa. 284, 289-290, 243 A.2d 395, 398: "If our law is to keep in tune with our times we must recognize the present day inferior position of the average tenant vis-a-vis the landlord when it comes to negotiating a lease." The Court agreed with the Commonwealth argument that "this section [73 P.S. §201-2(4) (xiii)] was designed to cover generally all unfair and deceptive acts or practices in the conduct of trade or commerce," 459 Pa. at 478, 329 A.2d at 826, and admonished this Court not to "woodenly apply" principles of law.

In *Monumental II* the Court affirmed the holdings of this Court in at least two regards. First, "that portion of its [Commonwealth Court] order dismissing the complaint with respect to the form sellers is also affirmed." 459 Pa. at 487, 329 A.2d at 831. That holding by our Supreme Court effectively removes the form-seller defendants from this case and we need no longer pass upon any preliminary objections raised by the form-seller defendants. Secondly, the Court stated: "That portion of the order of the Commonwealth Court that dismissed the Commonwealth's complaint for failure to state a cause of action with respect to the use of 'unenforceable' lease provisions is affirmed," 459 Pa. at 487, 329 A.2d at 830. The Court agreed "with the Commonwealth Court's analysis of the existing law, and of necessity with its conclusion that this allegation [that the use of lease provisions which are illegal, unconscionable and unconstitutional

and hence unenforceable], as pleaded, failed to state a cause of action." 459 Pa. at 483, 329 A.2d at 828. From a reading of the Court's opinion in *Monumental II* we conclude that the Court was referring to paragraphs 8 and 9 of the Commonwealth's complaint. Although we no longer need to pass upon the preliminary objections applicable to those paragraphs, which we necessarily will sustain, we will in the order permit the Commonwealth to amend its complaint.

With regard to this Court's holding in *Monumental I* on the prayer of the complaint, the Supreme Court in *Monumental II* stated that any holding thereon is "premature at this stage of the proceedings," 459 Pa. at 487, 329 A.2d at 830, and we of course follow the Court's direction.

According to our understanding of *Monumental II*, the Court remanded the matter in four particular areas: (1) those procedural preliminary objections which were not passed upon by this Court in *Monumental I* because of the result we reached; (2) those preliminary objections relating to the question whether the Commonwealth had an adequate remedy at law; (3) those preliminary objections pertaining to whether the Commonwealth had stated a cause of action by alleging that the failure to inform tenants in form leases of the existence of statutory tenants' remedies constituted an unfair misleading practice; and (4) those preliminary objections relating to whether the Commonwealth has stated a cause of action by alleging that the use of form leases with archaic and technical language beyond the easy comprehension of consumers of average intelligence constitutes unfair and misleading conduct under the Act. In categories (1) and (2) of the remanded matter, the defendants stated in the briefs and argument that they were abandoning their preliminary objections which we therefore overrule. With regard to category (3), immediately above,

of the remanded matters, we stated in *Monumental I* that we could find no law which would require a landlord to notify a tenant of his rights under the Landlord and Tenant Act, 10 Pa. Commonwealth Ct. at 616, 314 A.2d at 342. The Supreme Court in *Monumental II* stated that our assertion "misperceives the issue" because the question is not whether there is a requirement to inform the tenants, but rather under the Act whether the failure to notify a tenant "is misleading or confusing to the tenant as consumer of housing services." 459 Pa. at 483, 329 A.2d at 829. To fully comply with *Monumental II,* it will be necessary to establish a record from which this Court may make findings of fact and conclusions of law to determine whether such failure to notify is a violation of the Act; we cannot rule as a matter of law that such failure is not a violation of the Act. While we respectfully accept the direction of our Supreme Court, we have assiduously researched the citations set forth in *Monumental II* and conclude that none of them support the proposition that the failure to inform a tenant of the existence of statutory tenant remedies constitutes an unfair or misleading practice under the Act or under the federal consumer fraud statutes cited. Lastly, with regard to category (4) (immediately above) of the remanded matters, the opinion in *Monumental II* concluded: "[B]ecause the hearing Court [Commonwealth Court] did not pass on whether the Commonwealth set forth a cause of action with respect to this claim [archaic and technical language beyond the easy comprehension of the consumer of average intelligence], we cannot say that no recovery is possible." 459 Pa. at 482, 329 A.2d at 828. In its brief, the Commonwealth states that the defendants are quite correct in their observation that there is no case authority for the proposition that landlords are under an affirmative duty to use language in their leases

which is easily understood by their tenants, but the Commonwealth argues that the thrust of their complaint is that landlords are barred under the Act "from engaging in conduct which creates a likelihood of confusion or misunderstanding on the part of the tenant and that use of language beyond the comprehension of the average tenant in lengthy fine print form leases creates such a likelihood. . . ." The Commonwealth contends that, in view of the Court's opinion in *Monumental II*, the Act "was designed to equalize the market position and strength of the consumer vis-a-vis the seller," that the seller or landlord's conduct must be such as to allow the average consumer, *i.e.*, a tenant of average intelligence, to enter into that lease transaction "by himself without danger of confusion or misunderstanding," and that the fact that the Commonwealth utilizes such fine print in its own contracts with its citizens is irrelevant. After reading *Monumental II* many times, we conclude that under the Court's admonition to this Court not to woodenly apply legal principles and to interpret the Act liberally, it will be necessary to establish a record from which findings of fact and conclusions of law may be made on whether the use of such language in a form lease does violate provisions of the Act.

At the argument of the matters presently before us, the Commonwealth frankly admitted that its complaint may be confusing and is in need of more specificity. The Commonwealth also agreed that the prayer of its complaint is confusing and overly broad. We agree with the Commonwealth and will permit it to amend its complaint.

There remain additional procedural problems created by certain motions filed subsequent to the filing of the opinions in *Monumental I* and *Monumental II*. (1) The Commonwealth filed a motion to compel the production of certain documents by the defendant land-

lords. In its written motion the Commonwealth relates that although the landlords filed unexecuted copies of form leases pursuant to an order of the President Judge of this Court, through the passage of time the defendant landlords are now using different form leases and therefore requested this Court to issue an order requiring each defendant landlord to file an unexecuted copy of each form of lease in use as of January 1, 1975, so that the Commonwealth may properly amend its complaint. We deem that to be a proper motion and it will be granted. (2) The Commonwealth filed a motion for leave to engage in discovery of defendant form sellers. In view of the holding of our Supreme Court in *Monumental II,* the form sellers are no longer defendants in this case and therefore that motion will be denied. (3) The Commonwealth filed a petition for leave to discontinue the action against one of the landlord defendants, viz., Monumental Properties, Inc., without prejudice, after Monumental Properties, Inc. designed a model form lease which it submitted to the Commonwealth and which has been approved by the Commonwealth as not being in violation of the Act. At a prior hearing on this matter, it developed that counsel for Monumental Properties, Inc. has had the form lease copyrighted and counsel made it quite clear that no one would be permitted to use the lease without agreement and the payment of royalty. We have been advised that counsel for Monumental Properties, Inc. has even refused to disclose the contents of that model form lease to the other defendant landlords, and as a result they oppose the granting of the prayer of the Commonwealth's petition. We question the propriety of the action of the Commonwealth in permitting a situation where the remaining defendant landlords are put to a disadvantage through nondisclosure of those principles upon which the Commonwealth is willing to settle the case for one

408

of the defendants. This would create a likelihood of confusion or misunderstanding on the part of the remaining landlord defendants much like the alleged likelihood of confusion and misunderstanding which might be created in the mind of an average tenant by defendants' leases. There is, however, nothing in the law which would prohibit the settlement of the action by the Commonwealth with Monumental Properties, Inc. unless such settlement and the requested discontinuance would prejudice the rights of the remaining defendants. We can perceive no prejudice to the remaining landlord defendants and, therefore, we will grant the prayer of the petition to discontinue the action against Monumental Properties, Inc.[1] If it develops at any hearing hereon that the actions of the Commonwealth have prejudiced the rights of the remaining landlord defendants, this Court under its equity powers may adequately protect them. In light of the above discussion, we

ORDER

AND Now, this 20th day of September, 1976, upon consideration of the opinion and remand of the Pennsylvania Supreme Court in *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 (1974), the pleadings filed and after argument, it is ordered that:

[1] Certain of the landlord defendants have failed to file an answer to the original complaint (against only one of which the Commonwealth has sought summary judgment.) Certain other defendants have requested that they be removed as defendants for the reason that they are either out of the leasing business no longer use leases. The Commonwealth has requested that this Court take no action at this time on any of these matters or requests and that in the final disposition of the case these loose ends be tied into a final order. We believe the Commonwealth's position is sound and will accede to it.

(1)  The motion by the Commonwealth to compel the production of unexecuted form leases used by the landlord defendants as of January 1, 1975, is granted and the landlord defendants will submit copies of such documents within 30 days from the date of this order;

(2)  The motion of the Commonwealth for leave to engage in discovery of the defendant form sellers is denied;

(3)  The prayer of the petition of the Commonwealth for leave to discontinue without prejudice as to defendant Monumental Properties, Inc. is granted;

(4)  The preliminary objections of the various form seller defendants are sustained and the dismissal of the complaint as to the form seller defendants is reaffirmed;

(5)  The preliminary objections of the various landlord defendants pertaining to procedural questions raised and to the question whether the Commonwealth has an adequate remedy at law are overruled;

(6)  The preliminary objections as to whether the Commonwealth's complaint sets forth a cause of action with respect to (a) the use of leases with archaic and technical language beyond the easy comprehension of the consumer of average intelligence and (b) the failure of the landlord defendants to inform tenants in the form leases of the existence of statutory tenants' remedies, are sustained only to the extent that the Commonwealth's complaint lacks sufficient specificity to permit the landlord defendants to file a responsive answer;

(7)  That the preliminary objections of the landlord defendants to the prayer of the Commonwealth's complaint are sustained to the extent that the Commonwealth's complaint lacks specificity; and it is further ordered that the Commonwealth, within 30 days after receipt of copies of the form leases used by the landlord defendants as of January 1, 1975, be

410

permitted to file an amended complaint setting forth its allegations and prayer in support of its action against the remaining landlord defendants, after which the remaining landlord defendants may file whatever responsive pleadings are permitted under the law and also after which all of the parties will be permitted to use any pleadings and methods of discovery permitted under the Pennsylvania Rules of Civil Procedure, prior to and during any hearing which may be held hereon.