Pennsylvania Retailers' Association et al., Petitioners *v.* Terry Lazin, Director, Bureau of Consumer Protection et al., Respondents.

Argued December 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, WILLIAMS, JR. and PALLADINO. Judges BLATT and MACPHAIL did not participate.

234

*H. Lee Roussel*, with him *C. Grainger Bowman*, and *Robert A. Mills, McNees, Wallace & Nurick*, for petitioners.

*Andrew S. Gordon*, Deputy Attorney General, with him *Allen C. Warshaw*, Deputy Attorney General, Chief, Civil Litigation, and *Harvey Bartle, III*, Attorney General, for respondents.

OPINION BY JUDGE ROGERS, March 3, 1981:

This matter is before us on the preliminary objection in the nature of a demurrer[1] filed by the respondents, the Director of the Bureau of Consumer Protection and the Attorney General of Pennsylvania, to the Petition for Review of a number of debt collectors' associations, and of others interested in the field, challenging regulations of debt collectors.

The Petition for Review is addressed to our original jurisdiction and seeks injunctive and declaratory relief from the Debt Collection Trade Practices regulations, 37 Pa. Code §303.1 et seq., promulgated by the respondents under the authority of the Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §201-1 *et seq.* (UTPCPL).[2] The regulations provide that it shall be an unfair or deceptive act or practice for a debt collector to engage in many activities described in Section 303.3 of the regulations, 37 Pa. Code §303.3.

---

[1] The respondents also filed a preliminary objection in the nature of a motion for a more specific pleading. This objection was withdrawn by stipulation of the parties. In connection with our discussion under numbers VI and VII of the opinion, we note that the stipulation also provides that if we should overrule the respondents' demurrer, the petitioners will provide the respondents with a list by number of the particular regulations which the petitioners believe to be defective and the grounds for such assertions.

[2] For a detailed examination of the UTPCPL, *see Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 (1974), *on remand*, 26 Pa. Commonwealth Ct. 399, 365 A.2d 442 (1976).

Count I of the Petition for Review is directed against the respondent Director of the Bureau of Consumer Protection. This count sets forth seven theories under which the petitioners assert that the regulations are invalid. Count II is directed against the respondent Attorney General and merely incorporates by reference the allegations contained in count I. Each count I and II ask us to restrain enforcement of the regulations. Count III incorporates by reference all the averments contained in counts I and II and seeks a declaration that the regulations are null and void. All material averments are contained in count I of the Petition for Review and respondents' demurrer stands or falls on the merits of that count. We will discuss each of the petitioners' bases for invalidating the regulations and respondents' responses seriatim.

*I*

In paragraph 13 of the Petition for Review it is alleged that the Attorney General lacks authority to promulgate the debt collection regulations. The petitioners base this contention upon the following legislative history of the 1976 amendments to the UTPCPL, Act of November 24, 1976, P.L. 1166, §1, which added, *inter alia,* Section 3.1 to the UTPCPL. As originally proposed, Section 3.1 authorized the Attorney General to promulgate regulations "clarifying and further defining 'unfair methods of competition' and 'unfair or deceptive acts or practices' " as set forth in Section 2(4) of the UTPCPL, 73 P.S. §201-2 (4). See H.B. 485, Printer's No. 587 (1975). This language was deleted from Section 3.1 by the House Committee on Consumer Protection. *See id.,* Printer's No. 1979 (1975). As finally adopted, Section 3.1 states that the Attorney General may adopt "such rules and regulations as may be necessary for the enforcement and administration of" the UTPCPL. Section 3.1 of the UTPCPL, 73 P.S. §201-3.1, added by the Act of

November 24, 1976, *supra*. The petitioners contend that the debt collection regulations are regulations which clarify and further define unfair or deceptive acts or practices and thus, under the 1976 amendments, are unauthorized. Respondents demur to this averment on the ground that the power to enforce and administer the UTPCPL granted to the Attorney General in Section 3.1 includes the power to proscribe catagories of conduct which are unlawful under the UTPCPL.

It is true that Section 3.1 of the UTPCPL states only that the Attorney General may promulgate regulations as may be necessary for the enforcement and administration of the UTPCPL. However, the 1976 amendments also added the language, here shown in emphasis, to Section 3 of the UTPCPL, 73 P.S. §201-3:

Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce *as defined by subclauses (i) through (xvii) of clause (4) of section 2 of this act* [73 P.S. §201-2(4)(i)-(xvii)] *and regulations promulgated under Section 3.1 of this act* are hereby declared to be unlawful. (Emphasis added.) (Footnotes omitted.)

Section 3 and 3.1 of the UTPCPL must be read and construed together. Section 3 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1932. So read, they empower the Attorney General reasonably to define and establish by regulation unfair or deceptive acts or practices or unfair method of competition in addition to those expressly defined in Section 2(4) of the UTPCPL, 73 P.S. §201-2(4), notwithstanding the deletion of the "clarifying and further defining" language from Section 3.1 during its journey through the Legislature. A different interpretation could be reached only by ignoring the express language of the statute and this we cannot do. *See id.*, 1 Pa. C. S. §1921(a), (b).

In a case far less clear than the instant matter we have reached a similar result under similar statutory language. *See Pennsylvania Association of Life Underwriters v. Commonwealth,* 29 Pa. Commonwealth Ct. 459, 371 A.2d 564 (1977), *aff'd per curiam,* 482 Pa. 330, 393 A.2d 1131 (1978). In that case we held that, even in the absence of an express grant of rulemaking powers, the Pennsylvania Insurance Commissioner had the power to promulgate regulations defining unfair or deceptive acts or practices in the insurance industry. We found this power to be inherent in the Commissioner's statutory power and duty to enforce the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589,    , 40 P.S. §1171.1 *et seq.,* and in the provisions of the Act which, *inter alia,* regulate trade practices in the insurance industry "by defining or providing for the determination of all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined" and which state that "[n]o person shall engage in this state in any trade practice which is defined or determined to be an unfair method of competition or an unfair or deceptive act or practice". Sections 2 and 4 of the Act, 40 P.S. §§1171.2, 1171.4.

Accordingly, we hold that the Attorney General had the power under Section 3.1 of the UTPCPL to promulgate the debt collection regulations here questioned. Thus, paragraph 13 of the Petition for Review does not state a cause for invalidation.

## II

In Paragraph 14 of the Petition for Review it is alleged that the regulations are void because, even if the Attorney General has the power under the UTPCPL to promulgate debt collection regulations, the Bureau does not. The petitioners lay two foundations for this contention: first, that Section 3.1 of the UTPCPL,

which grants rulemaking power to the Attorney General, makes no mention of the Bureau, and second, that the Bureau's enabling legislation does not expressly confer rulemaking power upon the Bureau. *See* Section 918 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of December 17, 1968, P.L. 1221, 71 P.S. §307-2. The respondents' demurrer counters that the Attorney General may delegate his Section 3.1 rulemaking authority to the Bureau.

We have previously held that where the Attorney General is authorized by statute to issue a subpoena in the course of an investigation conducted by the Bureau under the UTPCPL, he may delegate that power to the Bureau as a part of the Department of Justice. *Commonwealth v. Shults,* 26 Pa. Commonwealth Ct. 129, 362 A.2d 1129 (1976). Similarly, here the Attorney General may delegate to the Bureau the rulemaking power granted him under Section 3.1 of the UTPCPL. This is what was done here for, as the preamble to the regulations states, the regulations were adopted by the "Attorney General through the Bureau of Consumer Protection." 10 Pa. B. 695 (1980). Therefore, paragraph 14 of the Petition for Review does not state a cause of action.

## III

In paragraph 15 of the Petition for Review it is alleged that the regulations were not promulgated in conformity with Section 205 of the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §1205, because they were reviewed as to their legality by the Director of the Bureau of Consumer Protection. Section 205 provides in pertinent part that "[a]ll administrative regulations . . . shall be approved as to legality by the Department of Justice before they are deposited with the Legislative Reference Bureau." The petitioners do not dispute

that, pursuant to an opinion of the Attorney General, the Director of the Bureau of Consumer Protection is authorized to carry out the Department of Justice's review function under Section 205. *See* 1973 Op. Atty. Gen. No. 77. However, the petitioners contend that Section 205 of the Commonwealth Documents Law requires an objective evaluation of proposed regulations and that an officer involved in the preparation of the regulation cannot be an objective reviewer. We disagree. The mere fact that the official conducting the Section 205 review is an officer of the agency which promulgated the regulation does not in itself show that the review required by Section 205 was defective. Public officials are presumed to act lawfully and to have carried out their duties in good faith. *City of Philadelphia Appeal*, 40 Pa. Commonwealth Ct. 409, 414, 398 A.2d 224, 226 (1979). The actions of a public official within his or her authority will not be set aside in the absence of proof of fraud or palpable bad faith. *Id.* The Petition for Review contains no averments of bad faith on the part of the Director of the Bureau of Consumer Protection in reviewing the regulations.

Furthermore, the adoption of the petitioners' position would mean that the Department of Justice could never review the legality of its own regulations. This interpretation is directly contrary to Section 205 of the Commonwealth Documents Law and would violate the Statutory Construction Act of 1972, which provides in part that "[e]very statute shall be construed, if possible, to give effect to all its provisions" and that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C. S. §1921(a), (b).

Therefore, we hold that the petitioners have failed to state a cause of action based on an alleged violation of the Commonwealth Documents Law.

240

## IV

In paragraph 16 of the Petition for Review it is alleged that, assuming that the respondents had the statutory power to promulgate the regulations, their act of promulgation nonetheless violated the doctrine of the separation of powers because the Bureau, an executive agency, was thereby exercising legislative power in contravention of Article II, section 1 of the Pennsylvania Constitution.[3] The respondents' demurrer states that the UTPCPL contains sufficient standards to guide the Bureau's exercise of rulemaking power and that the regulations are a reasonable exercise of that power.

The petitioners have not supported their theory in their brief. We discern, however, that the petitioners are attempting to invoke the so-called nondelegation rule, which, as a corrollary to Article II, section 1, "demands that, when the Legislature delegates policy-making discretion to administrative agencies, it must make the 'basic policy choices' which will serve as standards to guide and restrain the exercise of discretion." *Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 11, 331 A.2d 198, 202-03 (1975). Under the UTPCPL the Legislature's "basic policy choice[]" was to prohibit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 3 of the UTPCPL, 73 P.S. §201-3. The words "trade" and "commerce" and the terms "unfair methods of competition" and "unfair and deceptive acts or practices" are specifically defined in the UTPCPL and these definitions also give standards for determining whether or not conduct may be deemed to be unfair or deceptive and a part of trade or commerce, and thus

---

[3] The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives.

subject to regulation under the UTPCPL. *See* Section 2(3), (4) of the UTPCPL, 73 P.S. §201-2(3), (4). Thus, the UTPCPL contains a legislative expression of a basic policy choice and sufficient standards for rulemaking. Hence, there is no violation of the doctrine of the separation of powers as the petitioners allege. *Tosta, supra* at 12, 331 A.2d at 203.

## V

In paragraph 17 of the Petition for Review the petitioners say that debt collection is not trade or commerce within the meaning of the UTPCPL and therefore is not subject to regulation under the UTPCPL. The respondents' demurrer contends that debt collection activities are within the purview of the UTPCPL. We agree with the respondents.

Section 3 of the UTPCPL, 73 P.S. §201-3, states in part that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful." The terms trade and commerce are defined in the UTPCPL as "the advertising, offering for sale, sale or distribution of any service and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth." Section 2(3) of the UTPCPL, 73 P.S. §201-2(3). The definition obviously does not expressly include debt collection. However, a fair reading of Section 3 and the UTPCPL's definition of trade and commerce quite simply compels the conclusion that debt collection is an "act[] or practice[] in the conduct of" "a sale or distribution of . . . services or property . . . and any other article, commodity, or thing of value." The collection of debt is clearly an act in trade or commerce; indeed, there is no debt until a "sale or distri-

bution" occurs. We therefore hold that debt collection is trade or commerce within the meaning of the UTPCPL.[4]

We also note that Section 5 of the Federal Trade Commission Act, 15 U.S.C. §41-58 (1973), and the Lanham Trademark Act, 15 U.S.C. §1051-1127 (1963), have been interpreted as authorizing the Federal Trade Commission to regulate debt collection activities. *See Trans World Accounts, Inc. v. F.T.C.*, 594 F.2d 212 (9th Cir. 1979). *See also* 16 C.F.R. §237 *et seq.* (1979); cases cited in *State v. O'Neill Investigation, Inc.*, 609 P.2d 520, 529 n. 29 (Alaska, 1980). These Acts provided the model for the UTPCPL and we may look to them and the decisions of other courts under them for guidance. *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 461-62, 329 A.2d 812, 817-18 (1974), *on remand*, 26 Pa. Commonwealth Ct. 399, 365 A.2d 442 (1976).

Accordingly, we hold that the petitioners have failed to state a cause of action in paragraph 17 of the Petition for Review.

## VI

In paragraph 18 of the Petition for Review the petitioners allege that the regulations are void because

---

[4] The petitioners say that the Pennsylvania Legislature has six times rejected proposed legislation which would regulate the debt collection industry, citing H.B. 167, Printer's No. 3506 (1975); S.B. 377, Printer's No. 930 (1975); S.B. 267, Printer's No. 265 (1975); S.B. 675, Printer's No. 1117 (1977); S.B. 85, Printer's No. 85 (1977); and H.B. 2111, Printer's No. 2661 (1978). The petitioners contend that these rejections preclude us from allowing regulation of debt collection practices under the UTPCPL. *See McDowell v. Good Chevrolet-Cadillac,* 397 Pa. 237, 154 A.2d 497 (1959). However, our research has revealed that five of the six bills in question died in committee and were not subjected to a vote by either the House or the Senate. The sixth bill, S.B. 675, Printer's No. 1117 (1977), was passed by the Senate but never a House committee. *See* History of Senate Bills, A-81 (1977).

some of them[5] prohibit conduct which is truthful, non-fraudulent and nondeceptive. They further allege that such conduct is not an unfair or deceptive act or practice under any definition found in Section 2(4) of the UTPCPL, 73 P.S. §201-2(4), including subclause (4) (xvii) of Section 1, which states that an unfair or deceptive act or practice may be "any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." The respondents say that debt collection practices fall under Section 2(4)(xvii) of the UTPCPL and that they have the authority to enlarge upon the list of activities proscribed by the UTPCPL.

We are not told by the petitioners what conduct they wish to engage in which may violate the regulations. However, only subclause (xvii) of Section 2 (4) defining unfair or deceptive acts or practices would seem to have application to debt collection. Subclause (xvii) provides that "fraudulent conduct which creates a likelihood of confusion or of misunderstanding" is unfair or deceptive practice under the Act. In order to decide whether or not debt collection acts or practices are forbidden by the Act or regulations, that is, are confusing or misleading, we must know what those acts and practices are. *See Commonwealth v. Monumental Properties, Inc.*, 26 Pa. Commonwealth Ct. at 405-06, 365 A.2d at 445. *See also F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374 (1965). Hence, paragraph 18 of the Petition for Review is proof against a demurrer and we must overrule the respondents' demurrer. *See, e.g., Gekas v. Shapp*, 459 Pa. 1, 5-6, 364 A.2d 691, 693 (1976).

---

[5] The Petition for Review sets forth, "by way of example", four sections of the regulations which the petitioners contend involve or prohibit truthful, nonfraudulent and nondeceptive conduct. The stipulation described in footnote 1, *supra*, will require the petitioners to explain in full which sections of the regulations they find offensive and why.

## VII

In Paragraphs 19-21 of the Petition for Review the petitioners allege that the regulations constitute an unconstitutional interference with petitioners' business because it is asserted that they will, *inter alia,* increase the cost of doing business to such an extent that some of the petitioners' accounts receivable will go uncollected.[6] The respondents say that no cause of action is stated in these paragraphs because the regulations are reasonable and because increasing the cost of doing business does not demonstrate unconstitutionality.[7] However, a court may find that a regulation is unreasonable and thus unconstitutional if it "becomes so onerous as to constitute a taking of property which constitutionally required compensation." *Philadelphia Chewing Gum Corp. v. Department of Environmental Resources,* 35 Pa. Commonwealth Ct. 443, 458, 387 A.2d 142, 149 (1978). Hence, again, facts must determine whether compliance with particular regulations is so expensive that the petitioners' property interest in their accounts has been taken, and, again, the existence of unresolved factual matters requires us

---

[6] The stipulation referred to in footnote 1, *supra,* will require the petitioners to provide the respondents with a list of all sections of the regulations alleged to be unconstitutional or otherwise defective under paragraph 19 of the Petition for Review and to state why the petitioners believe them to be unconstitutional.

[7] The respondents state in their brief that economic factors have no part in the determination of the validity of regulations. This is not correct. Economic factors are not properly considered in the *enforcement* of a regulation. *Department of Environmental Resources v. Locust,* 483 Pa. 350, 362 n. 22, 396 A.2d 1205, 1211 n. 22 (1979) ; *Rochez Bros., Inc. v. Department of Environmental Resources,* 18 Pa. Commonwealth Ct. 137, 149, 334 A.2d 790, 797 (1975). Economic factors are proper matters for consideration in the promulgating of regulations. *Rochez Bros., Inc., supra; Bortz Coal Co. v. Department of Environmental Resources,* 2 Pa. Commonwealth Ct. 441, 461, 279 A.2d 388, 399 (1971). It follows that they are pertinent to the review of the validity of a regulation.

to overrule the respondents' demurrer to paragraphs 19-21 of the Petition for Review.

Accordingly, we enter the following

ORDER

AND Now, this 3rd day of March, 1981, the respondents' preliminary objection in the nature of a demurrer to the claims set forth in paragraphs 13 through 17 of the Petition for Review is sustained; the respondents' preliminary objection in the nature of a demurrer to paragraphs 18 through 29 on the Petition for Review is hereby overruled and the respondents are ordered to file an Answer to the remainder of the Petition for Review within twenty (20) days.