**Kris A. TRAUTMAN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BLYSTONE TREE SERVICE AND PENNSYLVANIA UNINSURED EMPLOYER GUARANTY FUND), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2014.

Decided Nov. 14, 2014.

Douglas A. Williams and Sandra W. Kokal, Pittsburgh, for petitioner.

Carl J. Smith, Jr., Pittsburgh, for respondent Uninsured Employers Guaranty Fund.

BEFORE: BERNARD L. McGINLEY, Judge, and MARY HANNAH LEAVITT, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge BROBSON.

Petitioner Kris A. Trautman (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed the decision of Workers' Compensation Judge Rosalia Parker (WCJ), declining to order the Pennsylvania Uninsured Employer Guaranty Fund (UEGF) to pay the unreasonable contest fees assessed against Blystone Tree Service (Employer). We now affirm.

On July 5, 2007, Employer asked Claimant to climb a tree in order to prune the dead branches. (Reproduced Record (R.R.) at 26a.) As Claimant was working in the tree, a clip on his safety rope malfunctioned, and he fell approximately twenty-five feet. (*Id.* at 27a.) Claimant sustained many severe injuries, some necessitating surgery. (*Id.* at 29a–36a.)

Claimant filed a claim petition on September 6, 2007. (*Id.* at 5a.) This was followed on October 12, 2007 by a claim petition seeking benefits from UEGF because Employer did not maintain workers' compensation insurance. (*Id.* at 8a.) UEGF answered the petition on October 30, 2007, and the WCJ rendered a decision on August 28, 2008. (*Id.* at 10a–11a, 133a.)

The WCJ granted Claimant's petition and found that Employer did not have a reasonable basis for contest. (WCJ Decision at 10.) She awarded counsel fees for unreasonable contest against Employer. (*Id.* at 11.) In her decision, the WCJ specifically rejected Claimant's argument

that unreasonable contest fees should be paid by UEGF:

> Claimant's counsel argues in proposed findings that as Employer is uninsured, the ultimate responsibility of paying those attorney fees will be that of UEGF. However, Section 1601 of the [Workers' Compensation Act (Act)] Act[, Act of June 2, 1915, P.L. 736, added by the Act of November 9, 2006, P.L. 1362 77 P.S. § 2701,] clearly states, *"The fund shall not be considered an insurer and shall not be subject to penalties, unreasonable contest fees or any reporting and liability requirements under Section 440 [of the Act]."* [Added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 996.] UEGF counsel counters that "the language used by the legislature could not be more direct and unequivocal" and this WCJ agrees.

(*Id.* at 10.)

Claimant appealed to the Board,[1] arguing that the language of Section 1605(b) of the Act[2] "renders UEGF liable for the payment of unreasonable contest attorneys' fees assessed against the uninsured employer." (Bd. Decision at 6.) Section 1605(b) of the Act provides:

> **(b) Reimbursement.**—The department shall, on behalf of the fund, exhaust all remedies at law against the uninsured employer in order to collect the amount of a voluntary payment or award, including voluntary payment or award itself and reimbursement of costs, interest, penalties, *fees under section 440* and costs of the fund's attorney, *which have been paid by the fund.*

The Board rejected Claimant's argument and determined that due to the clear language of Section 1601 of the Act,[3] UEGF is not subject to unreasonable contest fees. It also found:

> Any interpretation of Section 1605 [of the Act] requiring UEGF to pay for an employer's unreasonable contest would lead to an absurd result rendering UEGF vicariously liable for the litigation strategy of uninsured employers, where it is not even subject to the assessment of unreasonable contest attorneys' fees in its own right.

(*Id.*)

██ On appeal,[4] Claimant argues that the Board and WCJ erred in concluding that UEGF is not responsible for paying unreasonable contest fees assessed against an employer when the employer is unable to pay the fees. Claimant contends that although Section 1601 of the Act prohibits unreasonable contest fees from being assessed against UEGF directly, Section 1605(b) of the Act "clearly contemplates a scenario wherein the [Department of Labor and Industry (Department)] would seek reimbursement for penalties and fees

---

1. UEGF also appealed to the Board, arguing that the WCJ's "calculation of Claimant's average weekly wage [wa]s not supported by substantial competent evidence." (Bd. Decision at 2.) The Board rejected UEGF's argument, but UEGF did not appeal the Board's decision to this Court.

2. Added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2705(b).

3. Section 1601 of the Act, relating to definitions, provides:

"Fund." The Uninsured Employers Guaranty Fund established in section 1602. The fund shall not be considered an insurer and shall not be subject to penalties, unreasonable contest fees or any reporting and liability requirements under section 440.

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

under Section 440 of the Act that were paid by the UEGF." (Petitioner's Br. at 11.) Thus, Claimant contends that the only reasonable interpretation of these two statutes is to require UEGF to pay unreasonable contest fees assessed against an uninsured employer that is unable to pay. (*Id.*)

Claimant contends that an interpretation of the law which precludes a claimant collecting unreasonable contest fees from UEGF when the employer is unable to pay would be absurd. In essence, Claimant argues that there is no reason for a law authorizing the Department to seek reimbursement for unreasonable contest fees under Section 440 of the Act[5] if UEGF has no obligation to pay those fees under any circumstances. (*Id.*) UEGF counters that Claimant's interpretation would also have an absurd result: "Claimant's argument proposes that the UEGF be penalized for conduct that is not within its control, yet be protected from fees resulting from its own conduct." (Respondent's Br. at 7.)

Claimant further argues that an interpretation of the law that would require UEGF to pay unreasonable contest fees when the employer is unable to pay is consistent with Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), because it gives effect to both Sections 1601 and 1605(b) of the Act, whereas UEGF's interpretation would "render Section 1605(b) meaningless, absurd, and entirely ineffective." (Petitioner's Br. at 12–13.)

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which provides that "[t]he object of all interpretation and construction of statutes is to

ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby,* 577 Pa. 104, 842 A.2d 389, 400 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa.C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.,* 676 A.2d 711, 715 (Pa.Cmwlth.), *appeal denied,* 546 Pa. 668, 685 A.2d 547 (1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker,* 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

UEGF was established "for the exclusive purpose of paying to any claimant or his dependents workers' compensation benefits ... and any costs specifically associated therewith where the employer liable for payments failed to insure or self-insure its workers' compensation liability ... at the time the injuries took place." Section 1602(c) of the Act, added by the Act of November 9, 2006, P.L. 736, 77 P.S. § 2702(c). As noted by the Board, a bank-

---

**5.** Section 440 of the Act provides for the assessment of unreasonable contest fees against an insurer or employer.

rupt and uninsured employer has little incentive to defend a claim, and the responsibility of doing so will ultimately fall to UEGF. The payment of unreasonable contest fees will place a burden on UEGF and may affect its solvency and, thus, its ability to pay benefits in the future.

 We do not agree with Claimant that there is any ambiguity concerning Sections 1601 and 1605(b) of the Act. By enacting Section 1601 of the Act, the legislature clearly intended to protect UEGF from the assessment of unreasonable contest fees. Section 1605(b) of the Act simply confers a right on the Department to seek reimbursement.[6] It does not confer a right on Claimant to collect unreasonable contest fees from UEGF. Claimant is attempting to create an ambiguity where one does not exist. Claimant's interpretation would require us to ignore the express language of the statute, which we are unable to do. *Pa. Retailers' Assocs., Reliable, Inc. v. Lazin,* 57 Pa.Cmwlth. 232, 426 A.2d 712, 715 (1981). Because there is no ambiguity, we "must give effect to the unambiguously expressed intent of the legislature." *Bethenergy Mines,* 676 A.2d at 715. The legislature clearly intended to insulate UEGF from unreasonable contest fees, and, thus, Claimant is unable to collect them from UEGF here.

Even if we were to agree with Claimant that an ambiguity exists concerning Sections 1601 and 1605(b) of the Act, we would still agree with the Board and UEGF that Claimant's interpretation of those sections would produce an absurd result. As mentioned above, the clear language of Section 1601 precludes the assessment of unreasonable contest fees against UEGF. If the statute is interpreted in the manner suggested by Claimant,

UEGF would be responsible for the litigation strategy of an uninsured employer, even though unreasonable contest fees clearly may not be assessed against UEGF directly.

Accordingly, we affirm the Board's order.

### ORDER

AND NOW, this 14th day of November, 2014, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

---

**6.** The case now before the Court does not involve an attempt by the Department to enforce its right under Section 1605(b) of the Act. Thus, we need not address the circumstances under which the Department may do so.