# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mirsa Salguero,       :
      Petitioner  :
           :
    v.       : No. 777 C.D. 2024
           : SUBMITTED: May 6, 2025
Chos EZ Brunc and Uninsured  :
Employers Guaranty Fund (Workers' :
Compensation Appeal Board),  :
      Respondents :


BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE LORI A. DUMAS, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**      **FILED: June 13, 2025**


    Claimant, Mirsa Salguero, petitions for review of an order of the Workers' Compensation Appeal Board, which (1) reversed the decision of the Workers' Compensation Judge (WCJ) granting her claim petition against Employer, Chos EZ Brunc; and (2) affirmed the WCJ's decision barring her second claim petition against the Uninsured Employers Guaranty Fund (UEGF) as untimely filed under the Workers' Compensation Act.[1]  We affirm.

    Claimant worked for Employer in its restaurant as a kitchen helper from July 2010 until February 2020.  7/12/2023 WCJ Decision, Finding of Fact (F.F.) No. 1.  Her job duties included chopping vegetables; washing dishes; daily cleaning of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

the kitchen and eating areas, which included mopping and moving 20-25 pound tables; and stowing boxes of food items weighing 40-50 pounds in the basement storage area and retrieving them as needed. She worked 60 hours per week at $12.50 per hour. *Id.*

In the claim petition against Employer, Claimant averred that she sustained a work injury on February 4, 2020, while lifting and carrying restaurant supplies. She described the injury as including but not limited to a "lumbar injury with radiating lower extremity pain." 2/21/2020 Employer Claim Pet. at 2; Reproduced Record (R.R.) at 2a. She sought total disability benefits from the date of injury and ongoing.

In the first claim petition against UEGF, Claimant made identical averments. 4/27/2020 UEGF Claim Pet. at 1-5; R.R. at 13a-17a. Following Claimant's failure to timely prosecute the first UEGF claim petition, the WCJ permitted Claimant to withdraw it without prejudice.[2] F.F. No. 10. In February 2021, Claimant filed a second UEGF claim petition. 2/24/2021 UEGF Claim Pet. at 1-4; R.R. at 30a-34a.

Before the WCJ, Claimant testified on her own behalf and presented the expert testimony of Won Seok Kim, D.C. Employer presented the expert testimony of John A. Handal, M.D., and the testimony of a waitress who had worked with Claimant for six years and downloaded surveillance footage from the injury date.

The WCJ found Claimant's testimony to be credible that "an incident occurred while lifting a box at work . . . causing her to experience low back pain." F.F. No. 6. The WCJ found her testimony "not credible as to the nature and extent

---

[2] 2/22/2021 WCJ Decision at 3; R.R. at 25a.

of any injuries caused by the work incident." *Id.* The WCJ noted that the surveillance footage "does not show Claimant being carried to the car or assisted in any meaningful way." *Id.* Hence, the WCJ found that "Claimant exaggerated her inability to move about the restaurant immediately after the incident, which calls into question the rest of her testimony." *Id.* In addition, even taking into consideration the fact that she testified through an interpreter, the WCJ observed that "Claimant's manner and demeanor while testifying . . . was vague, hesitant, and largely not persuasive as to her symptoms and disability." *Id.* As for the waitress's testimony, the WCJ found it to be of limited value because she was not questioned about her own observations, if any, from the injury date. F.F. No. 2.

In considering the expert testimony, the WCJ found the testimony of Dr. Handal to be more credible and convincing than that of Dr. Kim. Nonetheless, the WCJ granted the claim petition against Employer based on the testimony of Employer's expert. The WCJ noted that Dr. Handal did "not unequivocally opine regarding [Claimant's] restrictions, her ability to return to work, or that she [was] fully recovered." F.F. No. 7. Accordingly, the WCJ concluded that Claimant sustained a work injury in the form of a lumbar strain on February 4, 2020, and that she was temporarily totally disabled as a result of that injury. F.F. No. 8. The WCJ denied the second claim petition against UEGF, filed in February 2021, because it was filed more than 180 days after the March 2020 notice of claim. F.F. No. 10. Claimant, Employer, and UEGF all appealed to the Board.

The Board reversed the WCJ's decision granting the claim petition against Employer and affirmed the WCJ's decision in all other respects. Claimant's petition for review to this Court followed.

In a claim petition proceeding, the claimant bears the burden of establishing all of the elements necessary to support an award of workers' compensation benefits, including the existence of an injury and disability, and a causal relationship between the injury and the claimant's work. *Giant Eagle, Inc. v. Workers' Comp. Appeal Bd. (Thomas)*, 725 A.2d 873, 876 (Pa. Cmwlth. 1999). Where there is no obvious causal connection between the alleged injury and a work-related cause, unequivocal medical testimony is necessary to establish that connection. *Cromie v. Workmen's Comp. Appeal Bd. (Anchor Hocking Corp.)*, 600 A.2d 677, 679 (Pa. Cmwlth. 1991). Medical testimony is unequivocal where the expert testifies that, in his professional opinion, there is a causal relationship or that he thinks or believes there is a relationship. *Manitowoc Co., Inc. v. Workers' Comp. Appeal Bd. (Cowan)*, 74 A.3d 1137, 1142 (Pa. Cmwlth. 2013). Any reservations relating to medical or scientific details will not affect the admissibility of the expert's opinion as long as he does not recant the opinion. *Id.* The expert's opinion on causation must be reviewed as a whole, and inaccurate information will not defeat the opinion as long as it is not dependent upon the inaccuracies. *Kemps v. Steets (Workers' Comp. Appeal Bd.)*, 257 A.3d 1271, 1277 (Pa. Cmwlth. 2021). The burden remains on the claimant to show that her work-related injury continues to cause disability throughout the pendency of the claim proceeding. *Somerset Welding & Steel v. Workmen's Comp. Appeal Bd. (Lee)*, 650 A.2d 114, 119 (Pa. Cmwlth. 1994).

## I. Employer Claim Petition

The testimony of Employer's expert, Dr. Handal, does not support the determination that Claimant sustained a disabling work injury. The WCJ found Dr. Handal to be credible but determined that he "gave equivocal testimony that

4

Claimant sustained any work injury, opining that all of her symptoms were degenerative in nature and only that he 'thought that if she sustained an injury, it'd be a lumbar strain.'" 5/17/2024 Bd. Decision at 4. The following colloquies are illustrative:

> Q. [Counsel for UEGF] After you [Dr. Handal] reviewed all of these records, and taking into account your earlier physical examination, and the history that you took, were you able to render an impression on what, if any, injury [Claimant] sustained on February [4], 2020 in this incident carrying the box up the stairs?
>
> A. [Dr. Handal] Yeah. I mean, I thought that if she sustained an injury, it'd be a lumbar strain. There's no structural change that could be referable to her – her date of injury. I mean, basically what's seen on the EMG [electromyography] and the MRI [magnetic resonance imaging] is degenerative disease. So I didn't see any structural profound change in the spine. And given her localized symptoms to her lumbar spine, this is – probably strained her back.
>
> . . . .
>
> Q. [Counsel for Employer] So even though under impression you put lumbar strain, you're not saying with any certainty that there was, indeed, a lumbar strain. Is that correct?
>
> A. [Dr. Handal] Yes, that's correct.

5/31/2022 Handal Dep., Notes of Testimony (N.T.) at 22, 27-28; R.R. at 239a, 244a-45a.

In addition, Dr. Handal "further failed to testify to any disability as a result of a work injury and specifically stated that Claimant could return to unrestricted work for [Employer] at her pre-injury job." 5/17/2024 Bd. Decision at

5

4. Specifically, he testified that Claimant needed neither additional treatment nor any work restrictions imposed as a result of the work incident. 5/31/2022 Handal Dep., N.T. at 23; R.R. at 240a. Consequently, the expert testimony that the WCJ found to be credible did not support the WCJ's decision to grant Claimant's claim petition against Employer.

Moreover, Claimant improperly attempts to re-proffer Dr. Kim's opinion to establish a compensable work-related injury. As noted, however, the WCJ rejected Dr. Kim's testimony as to the relevant medical issues. F.F. No. 7. The WCJ took into consideration Dr. Handal's superior qualifications as a board-certified orthopedic surgeon who specializes in conditions of the spine and his greater expertise in reading MRI and EMG test results.[3] *Id.* In addition, the WCJ noted the fact that "Dr. Kim has no professional qualifications to render opinions about anxiety and depression and yet attempted to do so which undermines his credibility." *Id.*

We decline to usurp the WCJ's credibility determinations and reweigh the evidence.[4] It was Claimant's burden to establish all of the criteria necessary for a claim petition. Once the WCJ decided to accept Dr. Handal's testimony as more credible and convincing than that of Dr. Kim, then all that remained was Dr.

---

[3] *See Pistella v. Workmen's Comp. Appeal Bd. (Samson Buick Body Shop)*, 633 A.2d 230 (Pa. Cmwlth. 1993) (a chiropractor is not qualified by training or experience to evaluate reports or studies made by a neurologist).

[4] As the ultimate finder of fact, a WCJ is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010). Determinations of credibility and evidentiary weight are within the WCJ's exclusive province. *Ward v. Workers' Comp. Appeal Bd. (City of Phila.)*, 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009). In addition, we view the evidence in the light most favorable to the prevailing party and give that party the benefit of all inferences reasonably deducible from the evidence. *Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.)*, 176 A.3d 1045 (Pa. Cmwlth. 2018).

Handal's opinion as to whether Claimant sustained a work-related injury and to what extent any injury continued. The WCJ's reliance on the opinion of an employer's expert in ruling for a claimant is infrequent but not unprecedented.[5] Nonetheless, where, as here, there was no obvious causal connection between the alleged injury and a work-related cause, unequivocal medical testimony was necessary to establish that connection. As noted, Dr. Handal's testimony was equivocal even as to the issue of whether Claimant sustained a work injury. Accordingly, Claimant did not meet her burden to prove the elements necessary to prevail on her claim petition against Employer.

## II. UEGF Claim Petition

In 2006, UEGF was created to protect the right of injured workers to be compensated for work-related injuries where their employers failed to insure or self-insure their workers' compensation liability insurance at the time of injury. *CMR Constr. of Texas v. Workers' Comp. Appeal Bd. (Begly)*, 165 A.3d 69 (Pa. Cmwlth. 2017). After an injured worker has been advised by the employer or another source that the employer is uninsured, he or she should notify UEGF within 45 days.[6]

---

[5] *See Reyes v. Workers' Comp. Appeal Bd. (AMTEC)*, 967 A.2d 1071 (Pa. Cmwlth. 2009) (WCJ who rejected the claimant's expert's testimony and credited the employer's expert's testimony granted the claim petition for a closed period but only with respect to medical benefits); *Quinn v. Workers' Comp. Appeal Bd. (McGrath Tech. Staffing Inc.)* (Pa. Cmwlth., No. 618 C.D. 2017, filed Jan. 26, 2018) (where employer did not contest claimant's additional injuries and WCJ implicitly amended the injury description by crediting employer's experts who indicated that claimant sustained additional injuries, claimant's claim for litigation costs based on her argument that she prevailed in part was rejected). Unreported memorandum opinions may only be cited for their persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[6] If an injured worker's counsel suspects that the employer is uninsured, counsel should consider filing a notice of claim.

Section 1603(b) of the Act,[7] 77 P.S. § 2703(b). As for claim petitions against UEGF: "A claim petition shall be filed within 180 days after notice of the claim is made to [UEGF]. If the time requirement under this paragraph is not met, a claim petition shall not be allowed." Section 1603(d)(2) of the Act, 77 P.S. § 2703(d)(2). By way of comparison, Section 315 of the Act generally requires an injured worker to file a claim petition within three years after the date of injury. 77 P.S. § 602.[8]

The provisions in the Act setting forth the procedures for notice of claims and claim petitions against UEGF are designed to hold uninsured employers responsible to the extent possible and to maintain UEGF's viability.[9] UEGF will not pay compensation unless the injured employee notifies UEGF within the time period specified and the Department of Labor and Industry ascertains that the uninsured employer failed to voluntarily accept and pay the claim. Section 1603(b) of the Act, 77 P.S. § 2703(b). Similarly, claim petitions filed beyond the 180-day time period "shall not be allowed." Section 1603(d)(2) of the Act, 77 P.S. § 2703(d)(2).

---

[7] Act of October 24, 2018, P.L. 804, No. 132 (Act 132). Act 132 became effective immediately upon enactment.

[8] Section 315's three-year time period is not a technical statute of limitations. *McDevitt v. Workmen's Comp. Appeal Bd. (Ron Davidson Chevrolet)*, 525 A.2d 1252, 1253 (Pa. Cmwlth. 1987). Instead, "[i]t is strictly a statute of repose which completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded." *Id.* (citation omitted).

[9] UEGF is funded, in part, by assessments against "insurers and self-insured employers as is necessary to provide an amount sufficient to pay outstanding and anticipated claims in the following year in a timely manner and to meet the costs of the department to administer the fund." Section 1607(a)(1) of the Act, 77 P.S. § 2707(a)(1). To that end, the legislature in Section 1601 of the Act provided that UEGF "shall not be considered an insurer and shall not be subject to penalties, unreasonable contest fees, interest or any reporting and liability requirements under section 440 [of the Act, 77 P.S. § 996]." 77 P.S. § 2701. *See also Trautman v. Workers' Comp. Appeal Bd. (Blystone Tree Serv. and Uninsured Emp. Guar. Fund)*, 104 A.3d 600, 603 (Pa. Cmwlth. 2014) (payment of unreasonable contest fees would place a burden on UEGF and could affect its solvency and, thus, its ability to pay benefits in the future).

In the present case, there is no dispute that Claimant's March 3, 2020, notice of claim in response to the alleged February 4, 2020, injury was timely under Section 1603(b)'s 45-day notice requirement. The dispute lies with the timeliness of Claimant's second claim petition against UEGF under Section 1603(d)(2)'s abbreviated 180-day requirement. Claimant's first claim petition against UEGF, filed April 27, 2020, would have been timely but for her withdrawal of the petition. The second one, filed February 24, 2021, is well beyond the 180-day deadline. Nonetheless, Claimant argues that the mere fact that she re-filed her claim petition against UEGF after expiration of the 180-day time period is irrelevant because Section 1603(d)(2)'s shortening of Section 315's three-year time limit is "questionable" from a due process aspect and does not serve the humanitarian purpose of the Act.[10]

Claimant's position is without merit. She withdrew the first claim petition against UEGF. Consequently, regardless of why she did so,[11] the filing date of the first claim petition is no longer relevant. Hence, we look to the filing date of the second claim petition, the only actionable claim petition against UEGF. As the unambiguous language of the claim petition provision provides: "If the time requirement . . . is not met, a claim petition shall not be allowed." Section 1603(d)(2) of the Act, 77 P.S. § 2703(d)(2). "Where statutory language is clear, courts will not

---

[10] *Wheatley v. Pyramid Hotel Grp. (Workers' Comp. Appeal Bd.)*, 309 A.3d 173, 177 (Pa. 2024) (the Act must be liberally construed to effectuate its humanitarian objectives.).

[11] The WCJ found that Claimant's failure to timely prosecute the first claim petition against UEGF precipitated the withdrawal. F.F. No. 10. In her brief, Claimant asserted that she sought to avoid a ruling from the WCJ dismissing the claim petition for failing to proceed. 8/06/2024 Claimant's Br. at 14. As UEGF stated in its brief, Claimant could have chosen to receive a decision on her first UEGF claim petition and, in the event of a ruling against her, asserted her reasons for an alleged inability to proceed in her appeal from that decision. 10/09/2024 UEGF Br. at 17. However, Claimant did not do so.

employ statutory construction to vary the clear meaning." *Montgomery Hosp. & Med. Ctr. v. Bureau of Med. Care Availability & Reduction of Error Fund (MCARE)*, 201 A.3d 909, 914 (Pa. Cmwlth. 2019). *See also Wheatley v. Pyramid Hotel Grp. (Workers' Comp. Appeal Bd.)*, 309 A.3d 173, 177 (Pa. 2024) (notwithstanding the humanitarian purpose of the Act and the fact that technicalities are looked upon with disfavor in compensation cases, time limitations are not mere technicalities and a considerable level of strictness is implicated). Consistent with the rulings below, the second claim petition against UEGF was untimely.

Accordingly, we affirm.[12]

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[12] Even assuming *arguendo* that this Court determined that the second UEGF Claim Petition should be considered, the fact remains that there was no substantial, competent evidence to support a determination that Claimant sustained a disabling work injury. Consequently, just as there is no merit to the claim petition against Employer, there similarly would be no merit to the second claim petition against UEGF.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mirsa Salguero, : 
                    Petitioner : 
                : 
           v. : No. 777 C.D. 2024
                : 
Chos EZ Brunc and Uninsured : 
Employers Guaranty Fund (Workers' : 
Compensation Appeal Board), : 
            Respondents : 

## **O R D E R**

AND NOW, this 13th day of June, 2025, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita