## American Oil Company *v.* Norkus et al., Appellants.

Argued January 19, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Roy Pressman,* for appellants.

*Harry Polish,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1948:

Defendants appeal from a decree enjoining them from continuing certain unfair trade practices. The plaintiff, American Oil Company, is a Maryland cor-

poration that has been doing business in Pennsylvania since 1922 and in and about Philadelphia since 1925. It is engaged, inter alia, in selling gasoline, motor oil, furnace oil and petroleum products in every state on the Atlantic seaboard and spends large sums in advertising. Since May, 1945, it has also been engaged in Philadelphia in servicing oil burners.

In November, 1945, the defendants began doing business in Philadelphia as the "American Oil Burner Service." The evidence supports the findings of fact made by the learned chancellor, which, having been approved by the court in banc, have the effect of the verdict of a jury. Among these findings were the following: "4. By reason of the extensive business of and advertising by the plaintiff, the words 'American' and 'American Oil' in the petroleum field have for many years come to signify in the mind of the public the business and products of the plaintiff. . . .

"10. Some time in March, 1946, the defendant John J. Norkus, acting on behalf of both defendants, contacted the plaintiff company and unsuccessfully sought to make an arrangement with it to handle plaintiff's oil burner service business.

"11. Defendants adopted the fictitious name 'American Oil Burner Service' with knowledge of its similarity to that of the plaintiff's corporate name 'American Oil Company', and with the intent to cause confusion in the mind of the public, and appropriate to themselves some of the good will and trade of the plaintiff company.

"12. By reason of the similarity of the names 'American Oil Company' and 'American Oil Burner Service' there will be a tendency to deceive and confuse the public mind."

The defendants did not testify and called no witnesses. On the facts the decree followed as of course. The case is clear and is ruled by *Thomson-Porcelite Co. v. Harad*, 356 Pa. 121, 123, 51 A. 2d 605; *Hartman v.*

*Cohn,* 350 Pa. 41, 38 A. 2d 22; *Northern Metal Co. v. Maier,* 337 Pa. 257, 11 A. 2d 140; *Quaker State Oil Refining Co. v. Steinberg,* 325 Pa. 273, 278 et seq., 189 A. 473; *Consol. Home Spec. Co. v. Plotkin,* 358 Pa. 14; *American Clay Mfg. Co. v. American Clay Mfg. Co.,* 198 Pa. 189, 47 A. 936. See, also, Restatement, Torts: sections 711 et seq.; Callman: Unfair Competition Without Competition, 95 U. of Pa. Law Rev. 443 (1947).

Decree affirmed, costs to be paid by appellants.

Mr. Justice DREW and Mr. Justice HORACE STERN dissent on the ground that the names are not similar.