534 A.2d 488

**Frank and Theresa GABRIEL, h/w, Appellants,**

**v.**

**C. Herbert O'HARA, Joseph F.X. Fasey Real Estate and Brian P. Cleere.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Nov. 30, 1987.

Joseph C. Cascarelli, Philadelphia, for appellants.

Richard J. Raab, Philadelphia, Fasey Real Estate, appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

At issue in this matter is the appropriate statute of limitations for private actions under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Act of December 17, 1968, No. 387, as amended 1976, Nov. 24, P.L. 1166, No. 260, § 1, 73 P.S. § 201–1 *et seq.*

## I.

Appellants are individuals and owners of residential property located at 5714 Marshall Street in Philadelphia. The premises were previously owned by appellee. This action arose in connection with the purchase by appellants of the property from appellee.

On or about June 19, 1980, appellants agreed to purchase the premises for the sum of $20,500.00. Appellants subsequently paid the full purchase price and took possession at settlement on August 29, 1980. Shortly after taking possession of the realty, appellants discovered an allegedly substantial defect in the main soil stack pipe from the cellar to the second floor bath of the house and a leak in the rainspout from the front porch of the house into the cellar.

On August 25, 1982, appellants filed a complaint alleging, *inter alia,* causes of action for breach of the implied warranty of merchantability, breach of contract, and fraudulent misrepresentation. The essence of appellants' assertions were that the existence of the defects constituted a breach of the agreement of sale and that appellee falsely represented the quality of the premises and failed to disclose the existence of the defects. Subsequently, on July 28, 1986, appellants filed a petition for leave to amend their complaint in order to include a claim for violation of the Unfair Trade Practices and Consumer Protection Law. The Court of Common Pleas for Philadelphia County denied appellants' petition by order of September 15, 1986 on the

grounds that the statute of limitations which governs private civil actions under the UTPCPL had run.[1]  In its view, appellants' amended cause of action was barred by Pennsylvania's two-year limitations period for fraud,[2] rather than the six-year "catchall" limitation period,[3] since it was the closest analogy for appellants' statutory claims.  The timely appeal of this important question followed.

## II.

■ Initially, we must determine whether the order denying amendment of appellants' complaint is appealable. Pennsylvania Rule of Civil Procedure 1033 provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party, or amend his pleading."  Pa.R. C.P. No. 1033, 42 Pa.C.S.A.  Although the decision to grant or deny a petition to amend a pleading is a matter of judicial discretion, we have held that "[a]mendments should be allowed with great liberality at any stage of the case unless they violate the law or prejudice the rights of the opposing party."[4]  *Gutierrez v. Pennsylvania Gas and Water Co.,*

1.  Appellants also filed on August 28, 1986 a writ of summons commencing a separate action pursuant to the Unfair Trade Practices and Consumer Protection Law so as to preserve their claim in the event their petition for leave to amend was denied.

2.  Section 5524(7) of the Judicial Code, as amended 1982, sec. 20, P.L. 1409, No. 326, Art. II, § 201, 42 P.C.S. § 5524(7).  This provision states:
    The following actions and proceedings must be commenced within two years:
    (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

3.  *Id.* § 5527(6).  This section provides:
    Any civil action or proceeding which is neither subject to another limitation specified in this subchapter *nor* excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.  (emphasis added)

4.  This principle is, of course, subject to the qualification that an amendment may not add a new cause of action on which a particular

352 Pa.Super. 282, 286, 507 A.2d 1230, 1232 (1986) (citations omitted).

In *Barr v. General Accident Group Ins. Co.*, 360 Pa.Super. 334, 520 A.2d 485 (1987), we considered the appealability of an order denying amendment of a complaint:

> "In ascertaining what is a final appealable order ... we must look beyond the technical effect of the adjudication to its practical ramification." *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983) citing *Jackson v. Moultrie*, 288 Pa.Super. 252, 431 A.2d 1033 (1981). "The finality of an order is a conclusion which can be reached only after an examination of its ramifications." *Praisner, supra*, 313 Pa.Superior Ct. at 337, 459 A.2d at 1258, citing *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). When an Order so restricts the pleader as to virtually put him out of court on the cause of action he seeks to litigate, it is a final appealable Order. *Trevellini v. West Realty Co.*, 289 Pa.Super. 84, 432 A.2d 1062 (1981).

*Id.*, 360 Pa.Superior Ct. at 344, 520 A.2d at 490.

In the case *sub judice*, the denial of appellants' petition to amend their complaint to include an UTPCPL claim has the effect of putting appellants out of court on a cause of action they seek to litigate. The amendment of appellants' complaint to include a claim for violation of the Unfair Trade Practices and Consumer Protection Law does plead a new cause of action, but also brings forth a consideration of another statute of limitations in addition to the two-year statute of limitation for common law fraud. Thus, if a six-year statute of limitation is allowable for UTPCPL claims, appellants' claim for treble damages and reasonable attorney's fees, although under UTPCPL, would justify an amended complaint pursuant to section 201–9.2(a) of the statute:

> Any person who suffers any ascertainable loss of money or property, as a result of the use or employment by any

statute of limitations has run. *Del Turco v. Peoples Home Savings Ass'n.*, 329 Pa.Super. 258, 478 A.2d 456 (1984). The issue in this case is whether another statute of limitation under the UTPCPL is equally applicable rather than the two-year statute for fraud.

person of a method, act or practice declared unlawful by [this act] may bring a private action to recover actual damages or $100, whichever is greater. The court may, in its discretion, award *up to three times the actual damages sustained,* but not less than $100, and may provide additional relief as it deems necessary or proper. The court shall award *reasonable attorney's fees* to a person who prevails in an action brought pursuant to this subsection.

73 P.S. § 204–9(a) (emphasis added).

Thus, while appellants would not technically be out of court because the claims for fraud and breach of contract and warranty were timely filed, the *de facto* result would be that appellants would be precluded from seeking recovery of damages and attorney's fees to which they may be entitled under the UTPCPL.[5]  As such, denial of the petition to amend constitutes an appealable order.  *Cf. Barr, supra,* 520 A.2d at 490.

### III.

■  A prerequisite to the prosecution of a private enforcement action under the Unfair Trade Practices and Consumer Protection Law is that the action must come within the protection of the statute.  Appellants argue the sale of real estate falls within the purpose of the UTPCPL.[6]

---

**5.** Thus, although a claim under the UTPCPL brings forth a new cause of action, it also *spawns* a new statute of limitation period, to be discussed *infra.*

**6.** The UTPCPL was designed to promote full disclosure of information to consumers and "to equalize market position and strength of the consumer vis-a-vis the seller." *Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 467, 329 A.2d 812, 820 (1974).  As the Supreme Court of Pennsylvania has observed:

[T]his Law attempts to place on more equal terms seller and consumer [and is] predicated on a legislative recognition of the unequal bargaining power of opposing forces in the marketplace. Instantly, the Legislature strove ... to ensure the fairness of market transactions.  No sweeping changes in legal relationships were occasioned by the CPL, since prevention of deception and the exploitation of unfair advantage has always been an object of remedial legislation.

Contrawise, appellee asserts that the sale of the real estate is not within the purview of the UTPCPL. Our resolution of this question is premised upon consideration of the intention and objectives of the UTPCPL.

Pennsylvania's UTPCPL is modeled on the Federal Trade Commission Act.[7] 15 U.S.C. § 45(a)(1). *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 462, 329 A.2d 812, 817–18 (1974) (the UPTCLP "has regularly been interpreted ... as being based on the Federal Trade Commission Act"); *Commonwealth v. Flick*, 33 Pa.Commw. 553, 561, 382 A.2d 762, 765 (1978) ("the Federal Trade Commission Act ... and the Lantram Trademark Act were models for Pennsylvania's (UTPCPL)"). The UTPCPL supplements rather than supplants traditional common law remedies with *per se* liability for a variety of unfair trade practices.[8]

The broad construction mandated by the core concerns of the legislature in enacting the UPTCPL allowed our Supreme Court in *Commonwealth v. Monumental Properties, supra,* to hold that the *leasing* of residential real

*Id.,* 459 Pa. at 460, 329 A.2d at 816 (footnote omitted). *See also Pennsylvania Retailers Ass'n. v. Lazin,* 57 Pa.Commw. 232, 237, 426 A.2d 712, 717 (1981); *Commonwealth v. Kane,* 33 Pa.Commw. 553, 559, 382 A.2d 762, 765 (1978).

7. *Compare* 73 P.S. § 201-3 ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ... are hereby declared unlawful.") *with* 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."). The UTPCPL is also based on the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq. Compare* 73 P.S. § 201-2(4) of UTPCPL (enumerating unfair or deceptive acts or practices) *with* 15 U.S.C. § 1125(a), which provides:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation or origin, or any false description or representation, including words or symbols tending falsely to describe or represent the same, and shall cause such goods to enter into commerce ... shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of such false description or representation.

8. 73 P.S. § 201-2.

estate was within the purview of the statute's intendment. The Court resting its holding on several bases, including the modern and traditional conceptions of leasing, held:

> Functionally viewed, the modern apartment dweller is a consumer of housing services.
>
> . . . .
>
> The . . . (tenant) is as much a consumer as the purchaser of an automobile, household appliance, or any other consumer good.
>
> . . . .
>
> And from the landlord's vantage, the marketing and distribution of [residential housing] increasingly follows methods mapped out by purveyors of modern consumer goods.
>
> . . . .
>
> Moreover, there is substantial consumer law authority that the leasing of property is identical to the sale of the premises.

*Id.* 459 Pa. at 467–70, 329 A.2d at 820–23 (citations omitted). Additionally, the Court was mindful of the consequences of a contrary interpretation as well as the intent of the legislature:

> We have seen that the Consumer Protection law was designed to end unfairness and deception in consumer transactions with the result that consumers would be placed on a more equal footing with seller. And this law was meant to apply to "any trade or commerce directly or indirectly affecting the people of this Commonwealth." 73 P.S. § 201–2(3) (Supp.1971).
>
> It would be difficult indeed to imagine anything that affects the lives and welfare of the people of this Commonwealth more than housing. The Legislature has repeatedly declared that this Commonwealth suffers from a housing crisis.

. . . .

Fully aware of the pressing need for adequate housing and the unequal economic position of landlord and tenant, the Legislature sought to end unfairness and deception in the conduct of trade or commerce.

. . . .

The Legislature directed that consumers were to be safeguarded by the Consumer Protection Law ... By holding that the leasing of housing is covered by the Consumer Protection Law, this Court faithfully gives effect to the legislative mandate.

*Id.*, 459 Pa. at 474, 478, 329 A.2d at 824, 826.

Although we have no appellate decision in our courts specifically addressing this issue, our sister courts of common pleas have expressed a view on this question. In *Anderson v. Kessler,* 32 D. & C.3d 623 (Allegh.1984), it was held that "[i]f a leasehold of real estate is covered by the Consumer Protection Law, there is no reason why guarantees given in connection with the sale of real estate should not also be covered." *Id.* at 625. *Accord Best v. Hammill Quinlan Realty Co., Inc.,* 18 D. & C.3d 31 (Wash.1980). We agree, but base our conclusion on the more solid ground of the UTPCPL itself.

The operative provision of the Unfair Trade Practices and Consumer Protection Law provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any *trade* or *commerce* ... are hereby declared unlawful." 73 P.S. § 201-3 (emphasis added). "Trade" and "commerce" are defined by section 201-2(3) to include "the advertising, offering for sale, sale or distribution of any ... property, tangible or intangible, *real,* personal or mixed ..." *Id.* § 201-2(3) (emphasis added). Since unfair or deceptive acts or practices in the sale of real property are expressly declared unlawful, there is no merit to appellee's assertion to the contrary.[9] That sales of real property

9. The Unfair Trade Practices and Consumer Protection Laws of at least twenty-nine other states also apply to real estate transactions.

would be protected by the UTPCPL is consonant with its broad remedial purposes. Residential real estate is almost always a consumer's largest single purchase. Consequently, the impact of unfair or deceptive practices is greatest in this type of transaction.

## IV.

We now turn our attention to the important question of the appropriate statute of limitations for private enforcement actions brought under the UTPCPL. Inexplicably, the legislature, in enacting the UTPCPL failed to include a statute of repose for either actions for damages or injunctive relief under section 201–9.2. In the case *sub judice,*

*See* Ariz.Rev.Stat.Ann. § 44–1521; Colo.Rev.Stat.Ann. § 6–1–102; Conn.Gen.Stat.Ann. § 42–110b; Del.Code tit. 6, § 2511; Ga.Code Ann. § 106–1202(c); Idaho Code Ann. § 48–602; Ill.Stat.Ann. ch. 121½, ¶ 261; Iowa Code Ann. § 714.16(1)(b); Kan.Stat.Ann. § 50–624(g); Ky.Rev.Stat. § 367.110; Me.Rev.Stat.Ann. tit. 5, § 213; Md.Com.Law Code Ann. § 13–101 & 102; Mass.Code Ann. ch. 93A, §§ 1(b) & 9(1); Mich.Stat.Ann. § 445.902; Miss.Code Ann. § 75–24–3; Mo.Ann.Stat. § 407.010; Mont.Rev.Code Ann. § 30–14–102; Neb.Rev.Stat. § 59–1601; Nev.Rev.Stat.Ann. § 598.440; N.H.Rev.Stat.Ann. § 358–A:1, N.D.Cent.Code § 51–15–01; Okla.Stat.Ann. tit. 15, § 752; Or.Rev.Stat. § 646.605; R.I.Gen.Laws Ann. § 6–13.1–1; S.C.Code Ann. § 34–5–10; Tex.Bus. & Com.Code Ann. § 17.45; Va.Code Ann. § 59.1–198; Wash. Rev.Code Ann. § 19.86.010; Wyo.Stat.Ann. § 40–12–102. For cases applying these statutes to real estate transactions, see, e.g., *Klotz v. Underwood,* 563 F.Supp. 335 (E.D.Tenn.1982); *Wilkinson v. Smith,* 639 P.2d 768 (Wash.App.1982); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981); *Rosenthal v. Perkins,* 42 N.C.App. 449, 257 S.E.2d 63 (1979); *Sherrod v. Holzshuh,* 274 Or. 327, 546 P.2d 470 (1976). For a full discussion and comparison of state unfair competition statutes, see generally, Sibert, *Enforcement of State Deceptive Trade Practice Statutes,* 42 Tenn.L.Rev. 689 (1975); Lovett, *State Deceptive Trade Practice Legislation,* 46 Tulane L.Rev. 724 (1972).

In addition, the Federal Trade Commission has invoked jurisdiction over real estate sales transactions. *E.g., Southwest Sunsites, Inc.,* 3 Trade Reg.Rep. (CCH) 22, 226 (1985) (cease and desist order against real estate developer for misrepresenting actual land values); *Las Animas Ranch, Inc.,* 3 Trade Reg.Rep. (CCH) 21, 840 (1981) (restitution order for real estate buyers for misrepresentations as to quality of land, location of lots and availability of utilities); *Cavanaugh Communities Corp.,* 93 F.T.C. 559 (1979) (consent order against realtor for nondisclosure of unavailability of sewage and water); *Kaufman & Broad, Inc.,* 93 F.T.C. 253 (1979) (consent order against real estate developer for misrepresentations that homes were constructed free of defects and water drainage problems).

the trial court reasoned that such actions were governed by the two-year limitations period for actions for fraud and deceit:

> The underlying foundation of [the] Consumer Protection Law is fraud prevention. *Commonwealth v. Creamer v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812 (1974) on remand 26 Pa.Cmnwlth. 339 [399], 365 A.2d 442 (1976). *An action pursuant to the Consumer Protection Act must necessarily sound in fraud or deceit.* Therefore, it is the opinion of this Court that an action pursuant to the Consumer Protection Act sounds in trespass and as such is governed by the two year limitation pursuant to 42 Pa.C.S.A. § 5524(b) (emphasis added).

By contrast, a federal district court sitting in Pennsylvania applied a one-year limitation period to a trade disparagement claim brought under the UTPCPL. In the case of *Merv Swing Agency, Inc. v. Graham Co.,* 579 F.Supp. 429 (E.D.Pa.1983), the action was for libel and for "[d]isparaging the goods, services or business of another by false or misleading representation of fact" under the Unfair Trade Practices and Consumer Protection Law. 73 P.S. § 201–2(4)(viii). The district court held that the plaintiff's common law libel claim was time-barred by 42 P.C.S. § 5523 which imposes a one-year limitation upon libel actions. The court drew an analogy between common law libel and the plaintiff's disparagement claim pursuant to the UTPCPL, concluding:

> Section 5523 is equally applicable to bar plaintiff's claim under [UTPCPL] § 201–2(4)(viii). This statute makes disparagement of the services or business of another by false or misleading representations of fact, an "unfair or deceptive act or practice." *This action for false representation of fact is essentially a claim for libel.* Consequently, § 5523 applies and this claim must also be brought within one year after the cause of action arose.

*Id.* at 430 (emphasis added).

The analysis employed by both the federal district court in *Merv Swing* and by the lower court in the case at bar in

selecting a statute of limitations for the UTPCPL involved application of the most closely analogous limitations period. This approach, however, yielded inconsistent determinations. We believe that this result is directly attributable to the *sui generis* nature of the Unfair Trade Practices and Consumer Protection Law since the statute encompasses an array of practices which might be analogized to passing off,[10] misappropriation,[11] trademark infringement,[12] disparagement,[13] false advertising,[14] fraud,[15] breach of contract,[16] and breach of warranty.[17] Consequently, the use of the standard employed by the trial court in the case at bar to select a limitations period threatens a multiplicity of potentially applicable statutes of repose for UTPCPL actions. Plaintiffs would be uncertain as to which limitations period governed their UTPCPL claim until the court determined

**10.** 73 P.S. § 201–2(4)(i) (passing off goods or services as those of another) *See Bisceglia Bros. Corp. v. Fruit Industries,* 20 F.Supp. 564, 568 (E.D.Pa.1937) (defining passing off as "the sale ... of the goods of one vendor ... for those of another").

**11.** 73 P.S. § 201–2(4)(ii) (confusion as to commercial source); *id.* § (iii) (confusion caused by misleading tradenames). *See American Oil Co. v. Norkus,* 358 Pa. 407, 57 A.2d 868 (1948) (common law tradename infringement).

**12.** 73 P.S. § 201–2(4)(iv) (misdescriptive statements as to geographic origin) *Compare id. with* 15 U.S.C. § 1125(a) (reproduced footnote 6, *supra* ). *See also Gum, Inc. v. Gumakers of America,* 1 F.R.D. 586 (E.D.Pa.1941) (common law trademarks).

**13.** 73 P.S. § 201–2(4)(viii). *See Zerpol Corp. v. DMP Corp.,* 561 F.Supp. 404, 408 (E.D.Pa.1983) (disparagement action "protects economic interests by providing a remedy to one who suffers pecuniary loss from slurs affecting the marketability of his goods").

**14.** 73 P.S. § 201–2(4)(v) (deceptive marketing of goods, services or business); *id.* §§ (ix) and (x) (bait advertising); *id.* § (xi) (fictitious price cuts).

**15.** *Id.* §§ (vi) and (vii) (marketing of altered or inferior goods); *id.* § (xv) (misrepresentation) *id.* § (xvii) (miscellaneous fraudulent practices).

**16.** *Id.* § (xvi). *See* Pa.Senate Leg.J., June 28, 1976, at 1798 (Sen. Zemprelli) ("deals with a matter which ... is regarded as a breach [sic] contract").

**17.** *Id.* § (xiv). *See* 13 P.S. §§ 2313 (express warranty), 2314 (implied warranty of merchantability), 2315 (implied warranty of fitness for a particular purpose).

whether their claim more closely resembled a tort action,[18] a contract action,[19] or an action under some other statute.[20] A uniform statute of limitations for the UTPCPL is required to preclude such uncertainty and inconsistency. Appellants contend that, there being no express limitation on private actions under the UTPCPL, and since their claims fall within the ambit of that statute, the six-year "catchall" limitations period of section 5527(6) of the Judicial Code, 42 P.C.S. § 5527(6), applies. We agree for the reasons that follow.

The Pennsylvania legislature in 1976 enacted a new, all-inclusive limitation of actions statute. 42 P.C.S. § 5522–5527. This new statute, however, contained no express limitation on actions for fraud and deceit. In 1982, the legislature amended the Judicial Code to provide a two-year limitation period specifically for fraud and deceit actions. *Id.* § 5524(7). This amendment applies only to causes of action accruing after its effective date in February, 1983. Act No. 326, 1982 Pa.Laws 1409, 1440. Thus, the statute of limitations for fraud and deceit claims cannot apply to the instant case as the court below incorrectly held because appellants' cause of action accrued in 1980, almost three years before the effective date of the two-year period of

18.   42 P.C.S. § 5524(7) (two year limitation).

19.   *Id.* § 5525(8) (four year limitation); 13 P.C.S. § 2725(a) (U.C.C. four-year limitation).

20.   Violations of several other statutes also constitute violations of the UTPCPL. *See, e.g., Bolden v. Potamkin–Auerbach Chevrolet, Inc.,* 470 F.Supp. 618 (E.D.Pa.1979) (Pennsylvania Motor Vehicle Sales Finance Act); *Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427 (1986) (Unfair Insurance Practices Act); *Culbreth v. Lawrence J. Miller,* 328 Pa.Super. 374, 477 A.2d 491 (1984) (Public Adjuster Law); *Pennsylvania Bankers Ass'n. v. Commonwealth,* 58 Pa.Commw. 170, 427 A.2d 730 (1981); *Safeguard Inv. Corp. v. Commonwealth,* 44 Pa.Commw. 417, 404 A.2d 720 (1979) (Usury Statute). In addition, section 1961 of the Pennsylvania Automobile Lemon Law, 73 P.S. § 1961, expressly provides "[a] violation of this act shall also be a violation of the [UTPCPL]." Because the remedy of this statute is analogous to an action for revocation of acceptance under section 2608 of the Uniform Commercial Code, 13 P.C.S. § 2608, the four-year limitations period of the UCC is applicable. *Id.* § 2725(a). *See* Saunders, *The Pennsylvania Automobile Lemon Law—Uncharted Terrain,* 57 Pa.B.A.Q. 30, 36 (1986).

limitations for fraud actions.[21]  Even if we were to conclude that all actions brought pursuant to the UTPCPL sounded in deceit or fraud, what with appellants' additional claims under UTPCPL the six-year "catchall" limitation of section 5527(6) would be applicable.  As we previously noted, the Unfair Trade Practices and Consumer Protection Law embraces actionable conduct which sounds in assumpsit as well as trespass and which parallel actions upon contracts as well as those arising in tort.[22]  We are unable, therefore, to characterize all the multifarious claims that may be brought under the UTPCPL as "fraud" or "deceit."  Instead, the UTPCPL creates a civil action which is separate and distinct from appellants' other causes of action and for which the legislature provided no limitations period.  The language of section 5527(6) of the Judicial Code, however, is clear and unambiguous[23] as to what period of limitation shall apply in such instances: "Any civil action or proceeding which is neither subject to another limitation specified in this subchapter *nor* excluded from the application of a period of limitation [must be commenced within six years]."  42 P.C.S. § 5527(6) (emphasis added).  Since section 201–9.2 of the UTPCPL provides for a civil action which is not subject to a limitations period, the Unfair Trade Practices and Consumer Protection Law is subject to the six-year "catchall" statute of limitations.  We find further support for our determination in the decisions of the courts of other states which have concluded likewise.

**21.**  Until 1983, fraud actions were subject to a six-year statute of limitations.  Act of March 27, 1713, 1 Sm.L. 76 (repealed by Act No. 53, 1978 Pa.Laws 202, § 2).  *See Home Life Ins. Co. v. Greenspan,* 360 Pa. 542, 63 A.2d 72 (1949).  In determining what limitations period governed fraud claims that accrued after 1978 but before 1983, the court in *A.J. Cunningham Packing v. Congress Financial Corp.,* 792 F.2d 330 (3rd Cir.1986), held that the six-year "catchall" statute of limitations was applicable.

**22.**  *See supra* notes 10–17 and accompanying text.  The remedies of the UTPCPL are not exclusive but in addition to these other remedies.

**23.**  "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 P.C.S. § 1921(b).

In *Holley v. Coggin Pontiac, Inc.*, 43 N.C.App. 229, 259 S.E.2d 1 (1979), the Court of Appeals of North Carolina was required to determine the appropriate statute of limitations for the North Carolina Unfair Trade Practices Statute. N.C.Gen.Stat. § 75–1.1 *et seq.* The defendant in that case argued that the treble damages provision of the statute was analogous to a penalty and that therefore the one-year statute of limitations for "an action of proceeding ... [u]pon a statute, for a penalty or forfeiture" was applicable. N.C.Gen.Stat. § 1–54(2). Unconvinced, the Court stated:

> [I]t does not necessarily follow that because other multiple damages statutes have been found to involve penalties, all multiple damages provisions must therefore be penalties. Indeed, to adopt this reasoning, without more, would be to wander aimlessly through the annals of *stare decisis.* Quite simply, it may be inappropriate to select limitations by analogy from one subject to another, 53 C.J.S. Limitations of Actions § 33 (1948), especially if to do so would run against the policy and intent of the Legislature enacting the act in question, or if to do so would disregard the nature of the right involved.

*Id.* 259 S.E.2d at 6. Finding next that the purpose of the Unfair Trade Practices Statute were both remedial and penal, the Court emphasized:

> "In addition, it appears that the provisions ... for treble damages and ... for attorney's fees were intended by the General Assembly to serve as an incentive to injured parties to pursue their rights under [the Unfair Trade Practices Statute]. The nature of the violations of [that statute] is such that a one year statute of limitations makes it next to impossible to effectuate the policy behind [the statute]."

*Id.* at 8 (quoting a transmittal memorandum from the attorney general). As such, the Court adopted North Carolina's three-year "catchall" statute of limitations, adding "that where there is doubt as to which statute of limitations should apply, the longer statute should be chosen." *Id.* (*quoting* 51 Am.Jur.2d Limitations of Actions § 63 (1970)).

Confronted by the same issue in *Murry v. Western American Mortgage Co.*, 124 Ariz. 387, 604 P.2d 651 (1979), the Arizona Supreme Court applied that state's one-year "catchall" limitations period to the Arizona Consumer Fraud Act. The plaintiffs in *Murry* brought suit against a mortgage lender and a subdivision developer for damages sustained as a result of defects in their newly constructed house. Seeking to amend their complaint to include an action under the Consumer Fraud Act in addition to their common law fraud claim, the plaintiffs argued that Arizona's three-year statute of limitations for fraud should apply. The trial court denied the motion on the grounds that the claim was time-barred by the one-year "catchall" limitation. The Arizona Supreme Court affirmed,

> because the act creates a new liability. Although the act renders illegal the use of fraud in connection with the sale of merchandise, the elements of a claim for relief are not necessarily identical to those of common law fraud action. Since the Consumer Fraud Act creates a cause of action separate from common law fraud, an action commenced thereunder must be brought within one year as [the catchall statute] requires.

*Id.* 604 P.2d at 654 (citation omitted).

Like the North Carolina and Arizona Courts, we find that the application of the six-year "catchall" period of limitations will effectuate the broad remedial policies of the legislature in enacting this statute and ensure that those consumers injured by unfair or deceptive practices may pursue their rights under the UTPCPL.

## V.

Because we hold that the UTPCPL is governed by a six-year statute of limitations and in order to eliminate the aimless searching for various time limits within which to bring actions into UTPCPL, we find that the trial court abused its discretion in denying appellants' petition to amend their complaint on the basis that a claim pursuant to the UTPCPL was untimely. Accordingly, the order of the

trial court is reversed and permission to amend the complaint is granted. Jurisdiction is relinquished.

POPOVICH, J., concurs in the result.