## Scalise v. LeTrent

*Thomas E. Africa,* for plaintiffs.
*William A. Bevevino,* for defendants.

WOLFE, *P.J.,* September 11, 1990 — For disposition are defendants' preliminary objections to strike plaintiffs' reply to defendants' new matter. Also for disposition is plaintiffs' petition to file an amended complaint.

Initially, plaintiffs commenced their action in the District Justice Court, seeking redress against defendants on an agreement of sale wherein plaintiffs purchased defendants' realty, and after plaintiffs took possession, concluded defendants exercised a fraud upon plaintiffs in that there were latent defects in the realty as well as personal property. The district justice entered judgment for plaintiffs in the amount of $1,435.72 from which defendants took a timely appeal.

Plaintiffs have filed their complaint alleging fraud in count I and in count II make claim for attorney fees. On preliminary objections of defendants we denied the demurrer to count I and granted the demurrer to count II, to wit, attorney fees. Thereafter, defendants filed their answer and new matter and, inter alia, raised the bar of the statute of limitations of two years, Act of December 20, 1982, P.L. 1409; 42 Pa.C.S. §5524(7). The answer and new matter carried a notice to plaintiffs to respond thereto within 20 days of service. Plaintiffs filed

their reply to defendants' new matter of August 1, 1990; however, defendants on July 27, 1990, filed their motion for judgment on the pleadings. This motion is grounded in plaintiffs' admission of the bar of their cause of action by the two-year statute of limitations in that there was not a timely reply despite the notice to plea (rule 1029(b)). In their untimely reply plaintiffs allege they are not time-barred for the reason their action is in contract, to which a four-year statute of limitation is applicable, and in the alternative their claim is under the Unfair Trade Practice and Consumer Protection Law governed by a six-year statute of limitation.

Defendants thereafter filed preliminary objections to strike plaintiffs' untimely reply.

Finally, on August 17, 1990, plaintiffs filed their petition for leave to file an amended complaint and allege relief under the Unfair Trade Practice and Consumer Protection Law (73 P.S. §201-1). Plaintiffs allege therein if defendants are correct on the two-year statute of limitations they will be "out of court."

In resolution of a motion for judgment on the pleadings which is in essence a summary judgment motion, the informative case of *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968), is applicable:

"The language of rule 1035, adopted in 1966, was taken verbatim from Federal Rule of Civil Procedure 56(c). Interpretation of the scope of rule 1035 can be aided by reference to the cases decided under the federal rule, which establish the following criteria. 'On motion for summary judgment the court must consider the entire setting of the case and all the papers that are included in the record . . . One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact . . . The court must consider

both the record actually presented and the record potentially possible at the time of trial . . . A hearing on a motion for summary judgment is not a trial on the merits, and the court on such motion should not attempt to resolve conflicting contentions of fact.' *International Latex Corporation v. Lexicon Products Inc.,* 37 F.R.D. 524, 525, 526 (E.D. Pa. 1965). The court is to accept as true all well pleaded facts in the plaintiff's pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom. *Pittsburgh Hotels Assn. Inc. v. Urban Redevelopment Authority of Pittsburgh,* 202 F.Supp. 486 (W.D. Pa.), aff'd, 309 F.2d 186 (3d Cir. 1962), cert. denied, 372 U.S. 916 (1963). The record must be examined in the light most favorable to the non-moving party. *Fiumara v. Texaco Inc.,* 204 F.Supp. 544 (E.D. Pa.), aff'd, 310 F.2d 737 (1962). In passing upon a motion for summary judgment 'it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.' (In the instant case, appellee.) *Admiral Corporation v. Cerullo Electric Supply Co.,* 32 F.R.D. 379, 380 (M.D. Pa. 1961). '[A] party should not be deprived of an adequate opportunity to fully develop [sic] his case by witnesses and a trial, when the issues involved make such procedure the appropriate one . . . It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts . . . Under such circumstances the case is not one to be decided by the trial judge on a motion for summary judgment.' *S.J. Groves &*

*Sons Company v. Ohio Turnpike Commission,* 315 F.2d 235, 237, 238 (6th Cir.), cert. denied, 375 U.S. 824 (1963)."

Instantly, plaintiffs have recognized their initial complaint is bottomed in fraud, and in our opinion it is inescapable the statute of limitations of two years is applicable. Plaintiffs, recognizing this difficulty, now attempt to circumvent the statute by the Unfair Trade Practice and Consumer Protection Act and its lengthened statute of limitations.

We recognize it is within the sound discretion of the court to grant amendments to pleadings if the case may be resolved on its merits and no prejudice befalls the non-moving party. In this regard rule 1029(d) is controlling:

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subsection (c) of this rule, shall have the effect of an admission."

Instantly, it is conclusive plaintiffs have admitted the two-year statute of limitations by their failure to reply to defendants' new matter. We may not ignore defendants' motion for summary judgment because plaintiffs request an amendment under these circumstances. If defendants are entitled to judgment on the law, to wit, the statute of limitations of two years, the case is concluded; and, as plaintiffs recognize, they are "out of court."

Plaintiffs rely heavily on the holding of *Gabriel v. O'Hara,* 368 Pa. Super. 383, 534 A.2d 488 (1987). This case resolved, inter alia, that the UTPCPL is governed by a six-year statute of limitations and that the trial court abused its discretion in denying appellants' amendment of their complaint, "on the basis that a claim pursuant to the UTPCPL *was untimely.*" (emphasis supplied)

Here, we are not coping with the same issue of timeliness.

Defendants further contend that, notwithstanding plaintiffs are permitted to amend their complaint and claim relief under the UTPCPL, nonetheless, plaintiffs are confronted with the terms of the parties' agreement and any testimony to the contrary would be in violation of the parol-evidence rule in that paragraph 5 and paragraph 16 of the agreement provide:

"(5) It is hereby understood between Buyer and Seller that the property has been inspected by Buyer or his agent, that the same is being purchased solely in reliance upon such inspection and that there has not been and are no representations nor warranties 'expressed or implied, with respect to the physical condition of the property made by Seller except those provided by this agreement or those set forth in this paragraph.

"(16) This agreement contains the entire agreement between the seller and Buyer, and there are no other terms, conditions, obligations, covenants, representations or statements, oral or otherwise, of any kind whatsoever."

*Gabriel v. O'Hara, supra,* clearly holds, under circumstances here under consideration, that a cause of action for the sale of a single-family home when an allegation of fraud and deceit by the seller is alleged falls within the orbit of the UTPCPL which is controlled by a six-year statute of limitations. Thus, plaintiffs could have pleaded violation of the act initially and therefore it is arguable with rationale the amendment should be granted as the courts are compelled to allow amendments with "great liberality" at any stage of the case unless they violate the law or prejudice the rights of the opposing party. *Del Turco v. Peoples Home Savings Assn.,* 329 Pa. Super. 258, 478 A.2d 456 (1984).

Thus, if we deny plaintiffs' amendment plaintiffs could suffer a voluntary nonsuit* and recommence the action, pleading the act; however, in such instance plaintiffs would then be confronted with the agreement which categorically excludes parol evidence. Plaintiffs do not explain how they intend to escape these provisions of the contract. Alternatively, if we permit the amendment, plaintiffs are still confronted with the parol-evidence rule at time of hearing. We therefore conclude, either way, as a matter of law there would be no genuine issue of fact to resolve as plaintiffs have foregone the issue of fraud by (1) the admission that their case is controlled by the two-year statute of limitations, and (2) by the exclusion of the issue of fraud in the parties' agreement. We are not at liberty to amend the parties' agreement as the law strongly sanctions contracts between parties as they have written them.

For the foregoing reasons we enter the following

### ORDER

And now, September 11, 1990, plaintiffs' petition to file an amended complaint is denied.

Defendants' motion for judgment on the pleadings is granted.

---

* The complaint alleged the parties entered into a contract of sale of the premises on or about December 31, 1986.