## David Jeffrey Ltd. v. Lucente

*John O'Brien Jr.* for plaintiff.
*Joseph Connor III,* for defendants.

BRODY, *J.,* September 19, 1990 — This matter comes before the court on plaintiff's appeal from the denial of its motion for a new trial on its common-law and statutory fraud claims against defendants. At the conclusion of plaintiff's case, a nonsuit was

granted as to plaintiff's claim under the Unfair Trade Practices and Consumer Protection Act.[1] At the conclusion of defendants' evidence, a directed verdict, based on the statute of limitations, was granted in favor of defendants on the common-law fraud claim. Plaintiff filed post-trial motions, seeking a new trial on all issues and alleging several errors by the trial court in the grant of the nonsuit and directed verdict.[2] Plaintiff's post-trial motions were denied on July 12, 1990, and plaintiff has appealed to Superior Court.

## BACKGROUND

This lawsuit between David Jeffrey Ltd., a retail jewelry business, and Robert Lucente and Jeweler's Insurance Services Inc. is the second lawsuit brought by the plaintiff to recover for losses allegedly due to employee theft. The first lawsuit, instituted in 1986 against Jeweler's Mutual Insurance Company, sought to recover approximately $200,000 in inventory allegedly stolen by one of plaintiff's employees. Plaintiff was denied relief based on the printed policy exclusion for losses due to employee theft provable only by inventory computation. The U.S. District Court (E.D. Pa.), per Newcomer, *J.*, concluded as a matter of law that plaintiff's alleged losses were not recoverable under the terms of its policy.

After the decision was affirmed on appeal, plaintiff instituted the current action against Robert Lu-

---

1. 73 Pa.C.S. §201-1, et. seq., P.L. 1166, no. 260, §1 (November 24, 1976).

2. Plaintiff's post-trial motion refers only obliquely, in paragraph 8, to the grant of the directed verdict on the common-law fraud claim. Since plaintiff briefed and argued both claims, however, before, during and after the trial, both the nonsuit and the directed verdict will be addressed by this opinion.

cente, the agent from whom the policies were purchased, and Jeweler's Insurance Services Inc., a corporation wholly owned by Lucente which operates as an agent of Jeweler's Mutual Insurance Company. Plaintiff's claim alleged that Lucente fraudulently represented that plaintiff could recover for losses due to employee theft provable by inventory computation.[3] Plaintiff sought recovery under both common-law and statutory fraud theories.

David Jeffrey, Ltd. is owned and operated by David Jeffrey Hallowell. During 1984 and 1985, Hallowell operated two jewelry stores, in Ardmore and in the Bellevue Stratford Hotel, Philadelphia. The two stores employed approximately 12 people, including six sales personnel. One of the sales personnel was Howard Hunsicker, who was hired in September 1984 to work at the Philadelphia store. Sometime during February 1985, Hallowell discovered that a ring belonging to a customer was missing. Mr. Hunsicker was subsequently charged with the theft of the ring and it was recovered. Hallowell testified that he had begun to notice missing cash and pieces of jewelry as early as September 1984. He contacted defendant Lucente, his insurance agent, in October 1984 with regard to these losses, and was told to keep a record of what he observed. Hallowell reported losses to Lucente in December 1984 and February 1985. In March 1985, counsel for plaintiff's insurance company (not a named defendant in this action) instructed Hallowell to prepare an inventory.

---

3. At the time of this trial, defendants moved for summary judgment based on res judicata and collateral estoppel. Plaintiffs were barred from introducing evidence relevant to findings made in the district court, except to the extent that they were necessary to establish damages. Those rulings are not at issue in this appeal.

Hallowell testified that he had begun dealing with defendant Lucente in 1979 for his business insurance needs. At that time, Hallowell and Lucente discussed Hallowell's coverage for losses due to employee theft. Hallowell testified that Lucente never informed him that losses could not be proved by inventory computation. Hallowell testified that he first became aware of this restriction in his policy in 1986 when he sued the insurance company to recover for his losses.

## DISCUSSION

### *UTPCPA Claim*

The gravamen of plaintiff's numerous allegations of error regarding the grant of a directed verdict on its UTPCPA claim is that, since Mr. Hallowell suffered personally as a result of defendants' allegedly fraudulent practices, he should be permitted to state a claim under the UTPCPA even though the insurance coverage at issue was for business rather than personal use. This court found that the statute and cases interpreting it unequivocally restrict the coverage of the UTPCPA to consumer rather than business purchases.

The UTPCPA provides for a private cause of action as follows:

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person or a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or $100, whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than $100,

and may provide such additional relief as it deems necessary or proper." 73 P.S. §201-9-2.

This court further found no evidence to support plaintiff's contention that the insurance coverage was for anything but business purposes and therefore held that plaintiff could not state a claim under the UTPCPA.[4]

In *Waldo v. North American Van Lines,* 669 F.Supp. 722 (W.D. Pa. 1987), the District Court stated that "[t]he obvious intent of this language [§201-9.2] is to restrict claims brought under the [UTPCPA] to those which are legitimately of a consumer nature." *Id.* at 725. The court held that a truck driver's purchase of a tractor and insurance coverage was solely for use in his trucking business and thus was not a consumer purchase under the UTPCPA.

In *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators Inc.,* 393 Pa. Super. 339, 574 A.2d 641 (1990), the Superior Court was presented with its first opportunity to interpret the "primarily personal purpose" language of the UTPCPA. The court concluded that "[t]he restriction included in the act addresses itself solely to the purpose of the purchase, not the type of product purchased."[5]

The fact that the plaintiff in *Waldo,* like Mr. Hallowell, may have personally sustained losses,

---

4.  Because this court determined that the UTPCPA provides no cause of action for goods or services purchased for business purposes, the merits of plaintiff's claim, that defendants had engaged in practices declared unlawful by the UTPCPA and that plaintiff had suffered resultant damages, were never reached.

5.  40 Pa.C.S. §§1171.1-1171.15, Act of July 22, 1974, P.L. 589, no. 205, §§1 to 16, effective immediately. The Unfair Insurance Practices Act does not provide for a private cause of action.

did not enter into the court's analysis of the nature of the purchase at issue. Nor does the reasoning of *Valley Forge Towers, supra,* lead to a result other than that reached by this court; indeed, this court focused on the *purpose* of the purchase at issue, precisely as *Valley Forge Towers* instructs. Plaintiff would have this court adopt a "primarily personal *effect*" test, for which it presents no support, either statutory or decisional. That a business loss might inure to the detriment of an individual's finances does not convert a business purchase to a consumer purchase for the purposes of the UTPCPA.

In construing the application of the UTPCPA to plaintiff's claim, this court was mindful of the fact that the legislative intent was to enhance the protection of the public from unfair or deceptive business practices, *Gabriel v. O'Hara,* 368 Pa. Super. 383, 388 and n. 6, 534 A.2d 488, 491 and n.6 (1987), and that the act should be liberally construed to effectuate its remedial intent. *Id.* at 388, 534 A.2d at 491.

Narrowing the inquiry to the facts of this case, it is undisputed that an insured may maintain a private cause of action under the UTPCPA for acts which fall within the purview of acts and practices prohibited by the Unfair Insurance Practices Act.[6] *Pekular v. Eich,* 355 Pa. Super. 276, 513 A.2d 427 (1986), alloc. den. 516 Pa. 635, 533 A.2d 93 (1987).

It is also undisputed that a protected "person" within the UTPCPA includes "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal

---

6. The court, in *Valley Forge Towers,* held that a condominium association's purchase of roofing materials fell within the UTPCPA because the association (a "person" under §201-2(2)) was acting as a representative for the residents, and that therefore the purchase was for a primarily personal, family or household purpose.

entities," 73 P.S. §201-2(2), and that plaintiff (a corporation) could state a claim under the UTPCPA if the purchase at issue had been "primarily for personal, family or household purposes." 73 P.S. §201-9(2).

Under the most liberal construction of §201-9(2), however, it remains undeniable that the purpose of the policy at issue was to protect the business of David Jeffrey Ltd. from loss. It was not a life or health insurance policy for Mr. Hallowell's person, nor was it an automobile insurance policy for Mr. Hallowell's personal car. It was a business liability policy, no more and no less. Therefore, this court properly granted a nonsuit on plaintiff's claim under the UTPCPA.

### Common-Law Fraud Claim

The statute of limitations for common-law fraud is two years. 42 Pa.C.S. §5524(7).[7] Mr. Hallowell himself testified that he first became aware that his policy with Jeweler's Mutual Insurance Company did not cover losses due to employee theft provable only by inventory computation, when he filed the first lawsuit in July 1986. The second suit, alleging fraud, was not filed until May 1989, more than two years later.

Plaintiff asserts that he was not aware that defendants Lucente and Jeweler's Insurance Services Inc. had made misrepresentations regarding the policy's coverage until the Third Circuit Court of Appeals affirmed the district court ruling in favor of

---

7. The statute of limitations for a private cause of action under the UTPCPA is also two years. *Cramer v. Inter County Hospitalization Plan Inc.,* 46 D.&C. 3d 288 (1986). Since defendants' opposition to the UTPCPA claim was essentially a demurrer, the affirmative defense of the statute of limitations was neither raised nor addressed.

the insurance company, in August 1988. Therefore, the plaintiff claims that his suit was filed within two years of his discovery of the alleged fraud. Defendants assert, and this court agrees, that plaintiff's statement, that he was aware of the non-coverage at the time he initiated the first suit, combined with his testimony that he understood the policy to provide coverage for the losses he claimed, clearly establish that plaintiff knew of his alleged injury in 1986 and is therefore time-barred from bringing this claim.

Plaintiff argues that when fraud and concealment are alleged, a plaintiff is often unaware, as a result of the concealment, that he/she has suffered an injury. This is true, but irrelevant to the facts of this case. Plaintiff is not alleging that facts were brought out during the first trial of which he was previously unaware,[8] nor is he alleging that defendants' conduct, after July 1986, led him to believe that he could recover for his claimed losses.

On the contrary, plaintiff's fraud claim is based on two assertions: that Lucente told Hallowell that employee losses could be proved by inventory computation, and that Hallowell was subsequently denied coverage, based on the written policy exclusion. Both of these "events" occurred before July 1986. Nor is this court persuaded by plaintiff's argument that his 1986 contract action would have been prejudiced by joinder of the fraud claim at that time. Alternative pleadings are necessary to efficient dispute resolution; indeed, alternative pleading

---

8. *Cf. Robinson v. MFA Mutual Insurance Company,* 629 F.2d 497 (8th Cir. 1980), wherein the court held that a second suit brought by an insured, for wrongful refusal to pay and deceit, was not barred by res judicata when the deceitful conduct was not revealed until the trial of the claim to enforce the insurance contract.

is required by the doctrines of limitation of actions and res judicata.

Plaintiff's own testimony established that he knew of the alleged fraud in 1986. No evidence was offered to refute this knowledge other than plaintiff's novel legal argument that the statute did not begin to run until the Third Circuit Court of Appeals said there was no coverage. Therefore, this court correctly granted a directed verdict on the common-law fraud claim.

## CONCLUSION

For the reasons stated above, this court's order of July 12, 1990, denying plaintiff's motion for a new trial, should be affirmed.