In re Betty A. CABBAGESTALK,
Debtor.

Betty A. Cabbagestalk, Plaintiff,

v.

Wendover Financial Services, Inc., assignee of Amresco Residential Corporation; Amresco Residential Corporation; Liberty Furnace Corporation, Inc., Defendants.

Bankruptcy No. 99–26025–JKF.
Adversary No. 00–2540–JKF.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 31, 2002.

Joy M. Smith, Neighborhood Legal Services, Pittsburgh, PA, for debtor.

Thomas A. Crawford, Jr., Pittsburgh, PA, for Liberty Furnace Corporation, Inc.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Chief Judge.

■ The matter before the court is Debtor's motion for reconsideration of our order entered December 4, 2001, in connection with a Memorandum Opinion of the same date. The December 4th order stated only that the motion to dismiss the complaint filed on behalf of defendant Liberty Furnace was denied and that the Debtor's claim against Liberty Furnace was not barred by the statute of limitations under the Pennsylvania Home Improvement Finance Act.[2] The "wherefore" clause of the motion for reconsideration asks that we "find that the Debtor be allowed to proceed with the above-listed causes of action against" Liberty Furnace. Docket No. 46. Those causes of action are stated to be the Unfair Trade Practices and Consumer Protection Law (UTPCPL), the Home Improvement Finance Act, fraud, and negligence. Our December 4th Memorandum Opinion and Order dealt with the Home Improvement Finance Act and we do not revisit that issue here. The brief filed in support of the motion states that Debtor filed the instant motion for reconsideration "as to Debtor's causes of action against Liberty Furnace Corp., Inc. and the statute of limitations applicable for each." *Id.* at Docket No. 50. Debtor then proceeds to state that the statute of limitations for breach of contract actions is four years pursuant to 13 Pa.Cons.Stat.Ann. § 2725 and six years under the UTPCPL, 73 P.S. § 201–2(4). Section 2725(a) of title 13 of the Pennsylvania Consolidated Statutes states that the statute of limitations on a contract for sale is four years.

■ Section 201–2 of title 73 is a definitional section and does not state a statute of limitations. The six year statute of limitations of 42 Pa.Cons.Stat.Ann. § 5527 applies to causes of action under the UTPCPL. *See Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488, 496 (1987).

> Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

42 Pa.Cons.Stat.Ann. § 5527. Nonetheless, we agree that the time period of the statutes of limitations for breach of contract and the Unfair Trade Practices and Consumer Protection Law are as Debtor states.[3]

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

2. Liberty Furnace was added as a defendant in the Amended Complaint. *See* Docket No. 11. (The Amended Complaint is not titled as such but the docket reflects that entry 11 is the Amended Complaint.) In the Amended Complaint Debtor alleged certain facts concerning Liberty Furnace. She alleged rescission rights under the Truth in Lending Act and under the Pennsylvania Home Improvement Finance Act, 69 P.S. § 1201 *et seq.*, as well as a usury claim under HIFA, but only against Wendover. She alleged violations of the Home Owner's Equity Protection Act, 15 U.S.C. § 1639, only against Wendover.

The only counts in the Amended Complaint applicable to Liberty Furnace are those raising the Unfair Trade Practices and Consumer Protection Law, breach of contract, negligence, fraud, and breach of fiduciary duty.

3. This statement does not constitute a finding that 13 Pa.Cons.Stat.Ann. § 2725 is the applicable section. *See* 42 Pa.Cons.Stat.Ann. § 5525 which states that

■ Whether or not Debtor can prove her claims is a not a matter that can be decided on the pleadings or by way of a motion for reconsideration. Debtor will have to prove at trial the elements of each of her causes of action.

An appropriate order will be entered.

## ORDER

AND NOW, this 31st day of **January, 2002**, it is **ORDERED** that Debtor's Motion for Reconsideration concerning the statutes of limitations for breach of contract and under the Unfair Trade Practices and Consumer Protection Law is **granted** insofar as the former is four years and the latter is six years.

The following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or non-negotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

Which section is applicable is immaterial for purposes of this motion for reconsideration inasmuch as the time period is four years under each.