# Hutchinson v. Jackson

*Jeffrey T. Morris,* for plaintiff Hutchinson t/d/b/a Cheer-On.

*Catherine A. Conley,* for plaintiffs Schlemmer and Vogel.

*Philip V. McCalister* and *Matthew L. Prather,* for defendants Jackson, Crissman, Gorrell, Ruggieri and Stake.

*Paula A. Koczan,* for defendant Rottschaefer.

*Jason A. Snyderman,* for defendants Purdue.

*Amy Ponpipom,* for defendants Abbott.

WETTICK JR., *A.J.,* May 25, 2005—The issue addressed in this opinion is whether a court should strike a complaint as a sanction for a violation of Rule 1023.1 where the motion for sanctions is based on grounds that would be a basis for dismissal of the complaint under the Rules of Civil Procedure governing preliminary objections, judgments on the pleadings, or summary judgments.

In *Hutchinson v. Jackson,* plaintiff filed a complaint in equity based on the following allegations: Plaintiff traded and did business as Cheer-On. Defendants were plaintiff's employees until her business suffered damage from flooding. At that time, defendants falsely advised coaches and clientele that plaintiff was permanently going out of business. Simultaneously, defendants formed

a new cheer academy which utilized unique cheer and dance routines developed by plaintiff. They persuaded virtually all of plaintiff's clientele to attend the new academy.

A primary defense of defendants is that plaintiff had announced to defendants and others that she was permanently going out of business.

A hearing was set on plaintiff's request for preliminary injunctive relief. On the date of the hearing, the parties entered into a consent order which provided that defendants would not utilize the names "Cheer-On" and "Hawks" in connection with any business in which they are presently engaged or establish in the future, and that all other issues for monetary and permanent injunctive relief are reserved for later disposition.

There have been no additional court hearings. No party has filed any motions for summary judgment.

Defendants have filed a motion for sanctions pursuant to Pa.R.C.P. 1023.1 et seq., which is a subject of this opinion and orders of court. In this motion, defendants aver that the evidence, including writings prepared by plaintiff, establishes that plaintiff told defendants that her business was closed and that they were no longer needed. Pursuant to Pa.R.C.P. 1023.2, defendants' counsel sent plaintiff's counsel a written notice and demand to withdraw the complaint. More than 28 days have passed and plaintiff has failed to do so. The relief that defendants seek is an order striking each count within plaintiff's complaint and the award of reasonable attorney fees associated with the defense of the allegations set forth in the complaint.

Motions for sanctions filed in *Schlemmer v. Rott-schaefer* at GD04-007810 by the Purdue and Abbott defendants, pursuant to Rule 1023.1 et seq., are the second subject of this opinion and orders of court.

The claims against these defendants arise out of injuries that plaintiffs sustained from pain medicine manufactured and distributed by these defendants. In their motions, defendants state that six of the eight causes of action asserted against them (negligence, strict liability for failure to warn, strict liability for defective products, violations under the Restatement (Second) of Torts §402B, fraud, and violation of the Consumer Fraud Act) are barred by the two-year statute of limitations[1] and the two remaining counts (breach of implied and express warranties) fail to state a cause of action. The motion alleges that allegations in the complaint and sworn testimony under oath of plaintiff Corey Rose Schlemmer, during the criminal prosecution of Dr. Rottschaefer, establish that plaintiffs knew or should have known that their alleged injuries resulted from a pain medicine of the defendants well outside the two-year statute of limitation applicable to six of the eight counts asserted against Purdue and Abbott. The motion also alleges that the breach of the implied warranty claim is without merit because it is settled law that such claims are not recognized against a prescription drug company (*Makripodis*

---

1. This is not an entirely correct statement of the law. Private actions for violations of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq., are governed by a six-year limitation period. *Keller v. Volkswagen of America Inc.*, 733 A.2d 642, 646 n.9 (Pa. Super. 1999), citing *Gabriel v. O'Hara*, 368 Pa. Super. 383, 534 A.2d 488 (1987).

*v. Merrell-Dow Pharmaceuticals Inc.,* 361 Pa. Super. 589, 523 A.2d 374 (1987)), and the breach of express warranty claim is without merit because plaintiff never alleges that she relied on (or even saw) any express warranty before ingesting the pain medicine.

On September 10, 2004, counsel for defendants sent plaintiffs' counsel a writing setting forth their position that the warranty claims are not recognized under Pennsylvania law and the remaining claims are time-barred. Defendants' counsel set forth their intent to file motions for sanctions if the complaint was not withdrawn within the 28-day period set forth in Rule 1023.2(b). The motions allege that the complaint was not withdrawn.

The relief that the Purdue and Abbott defendants seek is the dismissal of each count in the complaint as to these defendants and reimbursement for all costs, including counsel fees, incurred to defend the action.

In both cases, defendants rely on the provision within Pa.R.C.P. 1023.4(a)(2) that a sanction imposed for violation of Rule 1023.1 may include "the striking of the offensive litigation document or portion of the litigation document."

In the *Hutchinson* litigation, I may award sanctions under Rule 1023.1 et seq. only if I find that there is no genuine issue of any material fact as to a necessary element of each cause of action, and that the behavior of plaintiff's counsel warrants the imposition of sanctions under Rule 1023.1 et seq.

In the *Schlemmer* litigation, I may award sanctions under Rule 1023.1 et seq. only if I find (as to the claims governed by a two-year limitation period) that plaintiff's

testimony has established that the lawsuit was not timely filed and that, as to the breach of warranty claims, the complaint on its face fails to state a cause of action; and, in addition, that the behavior of plaintiffs' counsel warrants the imposition of sanctions under Rule 1023.1 et seq.

In both lawsuits, defendants already have remedies to obtain dismissal of the complaints under other Pennsylvania Rules of Civil Procedure that do not require any consideration of the behavior of plaintiffs' counsel. In *Hutchinson*, defendants may obtain a summary judgment dismissing the entire complaint upon a showing that there is no genuine issue of any material fact as to a necessary element of the cause of action. See Pa.R.C.P. 1035.2(1). In the *Schlemmer* case, the remedy is the filing of a motion for summary judgment as to the claims governed by the two-year limitation period, and the filing of a motion for judgment on the pleadings as to the breach of warranty claims.

The provision in Rule 1023.4(a)(2) permitting a court to strike a litigation document is not intended to be a substitute for an existing remedy that will provide to a party the relief that the party seeks under Rule 1023.4(a)(2). Rule 1023.4(a)(2) was never intended to create an undefined procedure for dismissing a complaint that is a substitute for an established procedure that will provide the same relief.

I recognize that the sanctions defendants seek include both the striking of the complaint and the award of counsel fees. The court orders which I am entering only deny defendants' requests to strike plaintiffs' complaints because of the availability of an established procedure that

will provide the same relief. In this opinion, I am not addressing the issue of whether the additional sanctions that defendants seek (*i.e.,* the award of counsel fees) may be imposed pursuant to Rule 1023.1 et seq. in proceedings in which defendants seek dismissal of plaintiffs' complaints through motions for judgment on the pleadings or summary judgment.

For these reasons, I enter the following orders of court:

## ORDER

On May 25, 2005, it is hereby ordered that the portion of defendants' motion for sanctions filed pursuant to Pa.R.C.P. 1023.1 et seq., seeking the striking of plaintiff's complaint is dismissed.

## ORDER

On May 25, 2005, it is hereby ordered that the portions of the Purdue and Abbott defendants' motions for sanctions filed pursuant to Pa.R.C.P. 1023.1 et seq., seeking the striking of plaintiffs' complaint as to these defendants is dismissed.