

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2009

# Herman Douglas Sr. v. Joel Osteen

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Herman Douglas Sr. v. Joel Osteen" (2009). *2009 Decisions.* Paper 1741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-82                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3097 & 08-3399
_____

Rev. HERMAN DOUGLAS, Sr.,

                                                                    Appellant

v.

Rev. JOEL OSTEEN; DISTRIBUTORS; RETAILERS;
HACHETTE BOOK GROUP USA, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03925)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2009

Before:   MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: March 13, 2009 )
_____

OPINION
_____

PER CURIAM

        Representing himself and proceeding in forma pauperis, Reverend Herman

Douglas sued Reverend Joel Osteen (a preacher at a Texas megachurch, the leader of a

television ministry, and an author) and Osteen's publisher, Hachette Book Group USA, Inc. ("Hachette"), alleging that Osteen's best-selling book, Your Best Life Now, infringed on Douglas's proprietary interests in his own self-published book, Prayer Power in the Eyes of Faith. Douglas also sued retailers and distributors of Your Best Life Now.

On Osteen's and Hachette's motions, the District Court dismissed Douglas's amended complaint and entered judgment in favor of Osteen and Hachette. The District Court subsequently entered judgment in favor of the remaining defendants. Douglas filed a motion for reconsideration, which the District Court denied. Osteen and Hachette moved for attorneys' fees, which the District Court awarded in the amount of $5000. Douglas then filed a one-sentence motion for the District Court to enter a final judgment, which the District Court denied as moot.

Douglas appeals the District Court's decisions.[1] Because Douglas's claims are without merit, we will dismiss his consolidated appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[1]Douglas filed two notices of appeal (designating two more orders in the second than in the first). Although they were separately docketed, we consolidated his two cases on August 14, 2008. After we consolidated Douglas's appeals, we granted his motion to proceed in forma pauperis ("ifp") on August 26, 2008. On January 13, 2009, we clarified that the ifp grant applied to both cases in the consolidated appeal. Soon thereafter, the defendants/appellees requested that we revoke Douglas's in forma pauperis status in both cases because, on September 2, 2008, the District Court certified that Douglas's appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and ruled that he had to pay the fees on appeal. Contrary to the defendants'/appellees' implication, the District Court's order does not trump our own. We decline to revoke Douglas's ifp status. Cf. Baugh v. Taylor, 117 F.3d 197 (5th Cir. 1997).

2

As the District Court explained, Douglas did not state a claim upon which relief can be granted under the Copyright Act, 17 U.S.C. § 501. To show copyright infringement, a plaintiff must establish "(1) the ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Douglas alleged that he obtained copyright protection for his book in 1990 and 2006 (although the copyright registration attached to his complaint is from 2005 and the other copyright registration through the U.S. Copyright Office's online database is from 2007). However, he did not allege that Osteen copied constituent elements of his work that are original and protected by copyright. Douglas essentially contended that Osteen used some of the same words, phrases, Bible texts, styles, and literary methods. He also noted that the defendants have admitted that Osteen's and his books share several common theological beliefs. However, words and short phrases are excluded from copyright protection. See 37 C.F.R. § 202.1(a); accord Southco, Inc. v. Kanebridge Corp., 390 F.3d 276, 285-87 (3d Cir. 2004). Douglas's claim that Osteen also drew on Bible stories or common beliefs that are in the public domain is not a claim of infringement of an original work. See Torah Soft Ltd. v. Drosnin, 136 F. Supp. 2d 276, 286 (S.D.N.Y. 2001); cf. Whelan Assocs., Inc. v. Jaslow Dental Lab, Inc., 797 F.2d 1222, 1232 n.23 (3d Cir. 1986). Furthermore, the use of a particular writing style or literary method is not protected by the Copyright Act. See Whitehead v. CBS/Viacom, Inc., 315 F. Supp. 2d 1, 11 (D.D.C. 2004). In short,

3

because Douglas merely alleged that he and Osteen employed similar literary methods to write books on similar themes, albeit with a few of the same words and phrases, he did not state a claim for copyright infringement.

The District Court also did not err in dismissing the trademark infringement claim. Douglas alleged that Osteen used part of his trademarked title, "Prayer Power in the Eyes of Faith," four times on one page of Your Best Life Now. In his response to the defendants' motions to dismiss, he stated that Osteen used the phrase "eyes of faith" ten times in his book. Trademark infringement under the Lantham Act is "the use of a mark so similar to that of a prior user as to be 'likely to cause confusion, or to cause mistake, or to deceive.'" Freedom Card, Inc. v. JP Morgan Chase & Co., 432 F.3d 463, 469 (3d Cir. 2005). The mark must be owned by Douglas and valid and legally protectable. See A & H Sportswear, Inc. v. Victoria's Secret, 237 F.3d 198, 210-11 (3d Cir. 2000). As the District Court noted, because Douglas's mark is unregistered, to prevail, Douglas must also show that he was the first to adopt the mark in commerce, he has continuously used the mark in commerce since its adoption, and his mark is inherently distinctive or has acquired secondary meaning. See id.; Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 292 (3d Cir. 1991). Although Douglas alleged that he was the first to use the mark and that he has used the mark in marketing his book on the Internet, he did not allege that the mark (either his title or a portion thereof) is inherently distinctive or that it

4

has acquired secondary meaning.[2]  As the District Court concluded, without alleging that, Douglas cannot state a claim for trademark infringement with its requirement of a likelihood of confusion.  The District Court did not err in rejecting on the same basis the unfair business practice claim that Douglas sought to bring under Pennsylvania law. Cf. Gabriel v. O'Hara, 534 A.2d 488, 491 & n.7 (Pa. Super. Ct. 1987) (noting that the state law relating to business practices causing a likelihood of confusion as to the source of good and services is based on federal trademark law).

The District Court properly dismissed Douglas's tortious interference with contractual relations claim.  Douglas alleged that Osteen's counsel told Douglas's "legal advisor" that he would be filing a motion to dismiss.  To state a claim for tortious interference with contractual relations under Pennsylvania law, a plaintiff must allege (1) the existence of a contractual relationship; (2) the defendant's intent to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for the interference; and (4) damages from the interference.  See Small v. Juanita College, 682 A.2d 350, 354 (Pa. Super. Ct. 1996) (citations omitted).  First, Douglas did not clearly allege the existence of a contractual relationship with his legal advisor.  Second, assuming he alleged a contractual relationship, he did not allege any

---

[2] The District Court, in its analysis, described the many works in which the term "eyes of faith" appears to convey a similar meaning, including two books of the Bible. Although the use of the term in the Bible would suggest that Douglas was not the first to use the phrase (contrary to his allegation), the District Court appropriately accepted Douglas's allegations as true for the purposes of the motion to dismiss.

5

improper interference with it, for the reasons given by the District Court. See, e.g., Adler, Barrish, Daniels, Levin and Creskoff v. Epstein, 393 A.2d 1175, 1182 (Pa. 1978).

In short, the District Court did not err in dismissing the amended complaint as to Osteen and Hatchette or the other defendants, see also 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court properly concluded that Douglas did not and could not state a claim upon which relief can be granted. The District Court also did not abuse its discretion in denying Douglas's subsequent motion for reconsideration. As the District Court had already entered judgment in favor of the defendants before Douglas filed his motion for entry of judgment, the District Court properly denied Douglas's motion as moot.

Lastly, the District Court did not abuse its discretion in awarding $5000 in attorneys' fees to Osteen and Hachette. Fees to the prevailing party are authorized by the Copyright Act and the Lantham Act. In awarding the defendants considerably less than they requested, the District Court incorporated by reference the defendants' arguments for an award of fees, including the frivolousness of Douglas's claims; his conduct during the litigation, including his filing of a premature motion for summary judgment as a response to the motion to dismiss, his repeated attempts to have a default entered against Osteen (despite Osteen's participation in the lawsuit), and his filing of an immediately rejected complaint about Osteen's and Hachette's counsel with the Pennsylvania State Bar Disciplinary Board; and his past history of having been sanctioned to deter him from filing frivolous lawsuits.

6

In conclusion, Douglas's consolidated appeal is without legal merit.  Accordingly, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons given above, we also deny the motion to revoke Douglas's ifp status.